**Raymond L. ZIGLER, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 55752.**

Supreme Court of Missouri, Division No. 1.

June 14, 1971.

James A. Cole, Union, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal from denial, without evidentiary hearing, of motion under Criminal Rule

27.26, V.A.M.R., to vacate and set aside judgment of conviction and sentence of four years' imprisonment entered upon plea of guilty to charge of tampering with motor vehicle. §§ 560.175.1, 560.180.1, V.A.M.S.

Although the facts giving rise to this appeal are variously stated in the motion, the trial court's findings, and in appellant's brief, they are not in dispute and are established by documents of record.

On August 2, 1966, Raymond L. Zigler, with assistance of counsel, Robert L. Borberg, pleaded guilty to the felony charge of tampering with a motor vehicle, and the Circuit Court of Franklin County sentenced him to four years' imprisonment. On the same date the court granted probation to defendant subject to supervision by a probation officer and on conditions, among others, that he not leave the area to which he was assigned and that he obey the laws and ordinances.

On June 23, 1967, the Circuit Court of Franklin County considered a report from defendant's probation officer that defendant may have violated his probation by leaving his assigned area and issued a capias warrant to the probation officer for arrest of defendant, "charged with violation of parole."

On November 7, 1967, Raymond L. Zigler was arraigned in the Circuit Court of Audrain County on charges of burglary and stealing. On January 5, 1968, defendant pleaded guilty to the charges of burglary and stealing and the court deferred sentence pending receipt of a presentence investigation.

On January 7, 1968, the Circuit Court of Franklin County issued a capias warrant for arrest of Raymond L. Zigler, "charged with violating conditions of his probation granted to him Aug. 2, 1966 * * * it now appearing that he thereafter violated condition * * * of said probation by committing the crime of Burglary 2nd Degree and Stealing in Audrain County, Mo."

(This and the capias of June 23, 1967, were sent as a detainer to Audrain County and ultimately to the state penitentiary.)

On February 6, 1968, the Circuit Court of Audrain County sentenced Raymond L. Zigler to two years' imprisonment for the burglary and two years' imprisonment for the stealing, and ordered that "said latter term shall commence upon the lawful termination of the former term, it being the intention of this Court that the defendant shall serve an aggregate of Four (4) years * * *."

The Sheriff of Audrain County, pursuant to the sentences for burglary and stealing in Audrain County, delivered Raymond L. Zigler to the Department of Corrections. On February 11, 1970, following service of the Audrain County sentences, the Department of Corrections, pursuant to the Franklin County detainer, delivered Raymond L. Zigler to the Sheriff of Franklin County. Following a hearing on that date, the Circuit Court of Franklin County found that Raymond L. Zigler had violated conditions of his probation by committing the crime of burglary and stealing to which he pleaded guilty in Audrain County, ordered his probation revoked, and ordered execution of the 4-year sentence of August 2, 1966.

On April 17, 1970, Raymond L. Zigler filed his motion to vacate judgment and sentence, stating he was in the Missouri State Penitentiary pursuant to the 4-year sentence for tampering imposed by the Franklin County Circuit Court, August 2, 1966. As grounds for "vacating, setting aside or correcting" the judgment of conviction and sentence he alleged:

"(a) Movant's probation violation and subsequent confinement to the penitentiary * * * was a denial of due process and equal protection of the laws and of his rights * * *.

"(b) Movant's sentence has expired.

"(c) Movant was denied assistance of counsel * * * during the hearing held

to determine whether he had * * * violated * * * his probation."

On May 1, 1970, the Circuit Court of Franklin County considered the motion. After a recital of facts consistent with the foregoing statement of the case, the court concluded as matters of law that the motion contained "no specific ground for vacating, setting aside or correcting the conviction and sentence" for the tampering charge, and that defendant was imprisoned pursuant to such sentence. The court then denied the motion because the allegations of the motion did not "contradict the verity of the records" of the conviction, and the files and records of the conviction "conclusively show that the Petitioner is entitled to no relief."

Defendant took an appeal and, on August 17, 1970, Mr. Robert L. Borberg was appointed attorney for appellant. He filed the transcript on appeal February 25, 1971, and then became ill and unable to proceed further. On March 30, 1971, he was relieved and Mr. James A. Cole was appointed to brief and argue this appeal.

■ Under Criminal Rule 27.26 a prisoner in custody may claim a right to be released on the ground that the sentence imposed on him is unlawful by filing a motion to vacate, set aside, or correct the sentence. The rule provides the exclusive procedure for presentation of attacks on the sentence. It does not suspend the rights available by habeas corpus but rather prescribes the procedure to be followed in seeking enforcement of those rights. It includes all relief heretofore available by habeas corpus "when used for the purpose of seeking to vacate, set aside or correct a sentence, * * *. The provisions * * * may be invoked only by one in custody claiming the right to have a sentence vacated, set aside or corrected."

In a commendable effort to assist appellant with his appeal, Mr. Cole has, by brief and argument, presented six questions and assertions:

I. Is a person who has been convicted of a felony, placed on probation, and is legally free from confinement, nevertheless still under sentence?

II. Does Section 222.020 require a consecutive sentencing for a person on probation if he commits a second felony and is convicted?

III. If a judgment and sentence does not provide that it is consecutive, it is then a concurrent sentence.

IV. A hearing to revoke a parole is not necessary.

V. A capias warrant served over two years before the prisoner was returned to the issuing court is an unreasonable delay.

VI. Does commitment under a second sentence immediately start the first sentence so that the second sentence can be either concurrent or consecutive?

■ These questions and the record demonstrate insuperable difficulties with this appeal. First, these questions were not presented to the trial court as a prelude to the judgment from which this appeal is taken. Second, these issues go to appellant's present confinement rather than to attack the original judgment and sentence on the tampering charge. Third, it is tacitly conceded and the record shows conclusively that the motion itself did not assert that the judgment and sentence were unlawful in any respect.

Accordingly, the trial court properly denied the motion without a hearing because it presented no fact issue going to validity of the judgment and sentence on the tampering charge; and the findings, conclusions and judgment of the trial court cannot, on such a record, be held "clearly erroneous." Criminal Rule 27.26, supra.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HOLMAN and BARDGETT, JJ., concur.

SEILER, P. J., concurs in separate opinion filed.

SEILER, Presiding Judge (concurring).

I concur in the principal opinion, but wish to state that I do so without prejudice to the right of the petitioner, if so advised, to attack the validity of his present confinement, by habeas corpus and raise the issues which are not dealt with on the merits in the present proceeding.