**Charles "Red" WARDEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 44374.**

Missouri Court of Appeals, Eastern District, Division Three.

April 27, 1982.

E. D. Lofftus, Fenton, for appellant.

John Ashcroft, Atty. Gen., Melinda A. Corbin, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant-defendant Charles "Red" Warden was convicted of the murder of his brother by a hired killer. His life sentence was affirmed on appeal. *State v. Warden*, 591 S.W.2d 170 (Mo.App.1979).

Defendant's Rule 27.26 motion vaguely alleged (1) there were new facts warranting a new trial and (2) trial counsel was ineffective. After an evidentiary hearing the motion court diligently considered and denied each of defendant's points. It specifically found the alleged material facts had been known to defendant at time of trial and so were not grounds for post-conviction relief, citing *Fields v. State*, 572 S.W.2d 477[1] (Mo.1978). Further, the motion court found trial counsel had diligently prepared the case.

Here, defendant goes beyond the original vague grounds and presents more specific points as plain error.

At the evidentiary hearing defendant presented alibi witnesses. The motion court not only disbelieved them but found defendant had not named them to his trial counsel. "In a Rule 27.26 proceeding, the weight of the evidence and the credibility of the witnesses are matters for the trial court, and the trial court may reject testimony offered on behalf of the movant even though there was no contrary evidence." *Williams v. State*, 566 S.W.2d 241 [1–4] (Mo.App.1978). We reject defendant's initial point about alibi. Further, a Rule 27.26 motion gives no relief for such newly discovered evidence. *Westmoreland v. State*, 594 S.W.2d 596 [1–3] (Mo.banc 1980). We move to defendant's claim of inadequate trial counsel.

Motion hearing testimony showed defense counsel held many conferences with defendant and diligently investigated several possible avenues of defense. The motion court considered each of defendant's complaints about trial counsel, to all of which counsel responded; the court concluded counsel had been "well prepared for the trial".

Our review of defendant's claim of ineffective counsel is limited to determining whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Vincent v. State*, 607 S.W.2d 815[1] (Mo.App.1980); Rule 27.26(j), V.A.M.R. Defendant failed to meet his burden of so proving by a preponderance of the evidence as required by Rule 27.26(f), V.A.M.R.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.