STATE of Missouri,
Plaintiff-Respondent,

v.

David BATEK, Defendant-Appellant.

No. 43061.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 24, 1982.

Paul E. Ground, Ellisville, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, George Westfall, Pros. Atty. Clayton, for plaintiff-respondent.

PUDLOWSKI, Judge.

Defendant David Michael Batek was convicted of four counts of passing insufficient funds checks with intent to defraud, under § 561.460 RSMo (1978) (since repealed). We affirm.

The convictions were based upon four checks cashed during December, 1978, at the Jay Bee Liberty Store in Bridgeton, Missouri. One of the checks, for $300, was drawn on defendant's personal account at Mark Twain State Bank. The others, for $150, $135, and $120, were drawn on defendant's business account (in the name of a sole proprietorship called Satellite Electronics) at the American Heritage Bank in Granite City, Illinois.

At the trial, the state called a clerk at the Jay Bee Liberty Store, who testified that she remembered defendant cashing each of the four checks at the store over a period of several weeks. The store's operations manager was also called as a witness; he testified that he had contacted defendant by

telephone when the checks were first returned. According to the manager, defendant had promised to come in and make good on the checks, but failed to show up at the time agreed upon.

The state also introduced bank records showing that the balance in defendant's personal account never exceeded 66 cents during the month of December, 1978, and that the balance in his business account was never higher than $131.92.

Defendant based his defense upon the lack of any intent to defraud, maintaining that he had thought his bank balance to be sufficient at the time that he wrote each of four checks. He testified that in late 1978 he received a $4270 check from an out-of-state customer, which he deposited in his business account. He then wrote a check for $680 on his business account and deposited it in his personal account. Having made these deposits, he proceeded to write checks on both accounts. When the original deposit of $4270 failed to clear, numerous checks drawn by appellant also bounced.

The defendant also maintained that some of his blank checks had been stolen by his girlfriend, Jacqueline Johnson, and that she had been forging his signature and cashing them without his knowledge. He testified that the signature on the $300 check was not his. He admitted writing the other three checks but maintained that he was unaware at the time of any deficiency in his account.

The defendant did not introduce his checkbooks into evidence. He testified that the checkbook for his business account had been turned over to the Maplewood Police, and that his personal checkbook had been lost when he was evicted from his apartment.

The jury found the defendant guilty on all four counts and he was sentenced to one year in the county jail and placed on probation. He appeals.

■ Defendant acknowledges that his motion for new trial was filed forty days after the date of the verdict, well beyond the maximum 15-day filing period and 10-day extension permitted by Rule 29.11(b). Normally his failure would preclude any consideration of the points raised by defendant, since nothing has been preserved for our review. However, defendant's counsel (who was also trial counsel) asserts that his own failure constituted ineffective assistance of counsel, amounting to a denial of due process and entitling his client to a new trial.[1] The issue of ineffective assistance of counsel is not ordinarily reviewable on direct appeal, being better suited to disposition after an evidentiary hearing held under the provisions of Supreme Court Rule 27.26. *State v. Locke,* 587 S.W.2d 346, 350 (Mo.App.1979). However, where the record on appeal presents sufficient facts so as to make a meaningful review possible, claims of ineffective assistance of counsel may properly be considered on direct appeal. *State v. Armstrong,* 624 S.W.2d 36, 40 (Mo. App.1981); *State v. Hobbs,* 612 S.W.2d 387, 388 (Mo.App.1981); *State v. Hall,* 525 S.W.2d 364, 366 (Footnote 1) (Mo.App.1975). Because the claim of ineffective assistance in this case is directed only to counsel's admitted failure to file a timely motion for new trial, and because counsel does not offer any excuse for his failure, there is no dispute of fact that would necessitate a further evidentiary hearing. On this state of the record, we may properly go on to consider the merits of defendant's argument.

■ In order to prevail on a claim of ineffective assistance of counsel, the defendant must show 1) that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and 2) that the client was thereby prejudiced. *Seales v. State,* 580 S.W.2d 733, 736

1. At oral argument, counsel informed the court that he had pointed out the conflict of interest involved to his client, and that the client had consented to further representation after being informed of the dangers inherent in this type of conflict.

(Mo. banc 1979). The fact of untimely filing, by itself, does not compel reversal; it is also essential that the defendant show some error by the trial court which could have resulted in a successful appeal, had the motion been filed on time. *Barkwell v. State,* 619 S.W.2d 511, 512 (Mo.App.1981); *Rodgers v. State,* 610 S.W.2d 25, 29 (Mo.App. 1980). Counsel cannot simply "admit" ineffectiveness and assure his client a new trial. He may admit that he has done or failed to do a particular act, but only the court can determine as a matter of law whether that act or omission actually prejudiced the client. We are therefore constrained to examine the record of the trial below in order to determine whether the actions of counsel have precluded the defendant from perfecting an otherwise meritorious appeal.

Defendant has raised four issues which, he maintains, would compel reversal. First, appellant contends that the trial court reporter harassed the defendant at trial, delayed preparation of the transcript, and failed to prepare a complete and accurate transcript. Second, defendant argues that the trial court erred in refusing to allow him to testify to a hearsay statement allegedly made by Jacqueline Johnson, in which she admitted having forged some of defendant's checks. Third, defendant alleges the discovery of new evidence that would tend to prove his innocence on retrial. Fourth, defendant maintains that the trial court failed to remedy certain prejudicial conduct of the prosecutor. We have examined each of these contentions and all are without merit.

■ The first contention, alleging prejudicial conduct by the court reporter, is not supported by the transcript. The defendant states that the reporter made frequent comments expressing irritation at the defendant's failure to speak up during testimony, but that these comments were left out of the record. Defendant also points out numerous minor typographical, spelling, and transcription errors, and accuses the reporter of having delayed preparation of the

transcript to defendant's prejudice. With respect to the reporter's conduct at trial, we note that it is frequently necessary, for the benefit of the jury as well as the reporter, to ask witnesses to speak up. If the reporter did in fact engage in any questionable conduct, the trial judge was in a better position than this court to observe and evaluate its effect on the jury. We defer to his determination that no prejudice arose. Given this determination, we cannot find any error in the omission of such comments from the record. Neither can we find any prejudice due to delay in producing the transcript. The record on appeal shows that defendant himself requested various extensions of time for filing, which were granted. He has failed to show how these "delays" impaired his ability to prepare his defense. On appeal, it is the defendant's duty to present the court with a complete and accurate transcript, to substantiate any claims of errors or omissions by the reporter, and to explain their prejudicial effect, if any. *Jackson v. State,* 514 S.W.2d 532 (Mo. 1974); Supreme Court Rule 81.14(e). Defendant here has made no such showing.

■ Defendant also argues that the trial court erred in sustaining an objection to his testimony concerning a conversation with Jacqueline Johnson, in which she admitted having forged some of defendant's checks. We are asked to find these statements admissible under the "declarations against interest" exception to the hearsay rule. However, under Missouri law, declarations against *penal* interests are not admissible as exceptions to the hearsay rule *unless* 1) they are corroborated by other substantial, reliable evidence and 2) the declarant's complicity, if true, would exonerate the accused. *State v. Turner,* 623 S.W.2d 4, 8 (Mo. banc 1981), discussing the effect of *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). Those special conditions are not present here. There is no substantial evidence in the record to corroborate the proffered statement, and even if true, it would not

preclude defendant's conviction. The trial court did not err in refusing to admit this testimony.

Defendant's next point alleges the discovery of new evidence which would tend to prove his innocence, and which was not available to him at trial through no fault of his own. In his brief, defendant asserted that he discovered who was holding his checkbook, and had also located a police officer who could testify that he had arrested Jacqueline Johnson for passing defendant's checks. After the briefs had been submitted, defendant filed an affidavit stating that the checkbook had not been found as expected and that the police officer had been interviewed by counsel but had no recollection or record of any dealings with Jacqueline Johnson. At the time of oral argument, counsel for defendant informed the court that he had made no further progress in locating the "new evidence." "The law is well settled that a motion for new trial on the basis of newly discovered evidence must be accompanied by some proof, either within [the motion] itself or by accompanying affidavits ...." *Morgan v. Wartenbee,* 569 S.W.2d 391, 398 (Mo.App.1978). No such proof has been presented by defendant. An affidavit based upon mere speculation or hope does not establish the existence of new evidence, and cannot be the basis for sustaining a motion for new trial.

In his final point, defendant challenges the propriety of certain conduct by the prosecutor during the trial, and directs our attention to instances in the transcript where prejudicial conduct allegedly occurred. We have carefully reviewed the challenged statements both separately and in cumulation, and can find no prejudice to defendant. Because we find no error of law in the trial court's actions, and because a detailed discussion of this point would have no precedential value, we affirm on this point under Rule 84.16(b). In three of the questioned instances, no proper objection was made; in eight others, the trial judge either sustained or did not rule on the objection, but in each case gave cautionary or curative instructions to the jury. A mistrial was requested in only one instance, and it was properly denied; with respect to all other instances, defendant's failure to ask for a mistrial precludes him from asserting error. *State v. Mabry,* 602 S.W.2d 1 (Mo.App.1980).

Having examined each of these points, we must conclude that defendant was not prejudiced by the failure of his counsel to file a timely motion for new trial. Accordingly, the judgment of the court below is affirmed.

SMITH, P. J., and SATZ, J., concur.