**STATE of Missouri, Plaintiff-Respondent,**

v.

**Ronnie G. VEDDER, Defendant-Appellant.**

No. 46312.

Missouri Court of Appeals, Eastern District, Division Three.

April 3, 1984.

---

**STATE of Missouri, Respondent,**

v.

**Ronnie J. WOODS, Appellant.**

No. WD 35014.

Missouri Court of Appeals, Western District.

April 3, 1984.

Before TURNAGE, C.J., and DIXON and CLARK, JJ.

### ORDER

Lee Reneau Elliott, Troy, for defendant-appellant.

David Dowling, Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant was convicted by a jury of driving a motor vehicle while his driving privilege was suspended, a violation of § 302.321 RSMo 1978, a misdemeanor. The jury assessed punishment at three months in the county jail. Defendant was sentenced accordingly.

▪ The trial and verdict occurred on July 13, 1982. The court granted defendant an additional ten days to file a motion for new trial. Accordingly defendant was allowed fifteen days under Rule 29.11(b) plus the additional ten days authorized by that rule or a total of twenty-five days to file a motion for new trial. The motion was due by August 8, 1982, filed August 11, 1982 and was therefore untimely. The motion for new trial is a nullity, preserving nothing for review. *State v. Clark,* 432 S.W.2d 279, 281 (Mo.1968); *State v. Hill,* 628 S.W.2d 361, 362 (Mo.App.1982). The trial court is not empowered to waive or extend the time to file a new trial motion beyond that authorized by the rule. Therefore nothing in the motion has been preserved and we may review only under the plain error standard. *State v. Bailey,* 645 S.W.2d 211, 212 (Mo.App.1983); *State v. Hawkins,* 645 S.W.2d 739, 740 (Mo.App. 1983). We have, however, studied the legal file, transcript and briefs, and find no trial error plain or otherwise.

▪ Defendant does not question the sufficiency of evidence in that he admitted that he was driving a motor vehicle while his driving privilege was suspended. His defense was justification or necessity. One element of that defense requires the defendant to prove that there was no adequate alternative to his otherwise criminal conduct. *City of St. Louis v. Klocker,* 637 S.W.2d 174, 175 (Mo.App.1982). We conclude that defendant's evidence falls short of proof of this element. We also observe that the other matters raised in the untimely motion for new trial but briefed and argued are without merit.

Finding no plain error the judgment is affirmed.

REINHARD and CRANDALL, JJ., concur.