**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Maurice WILLIAMS,
Defendant-Appellant.**

No. 48408.

Missouri Court of Appeals,
Eastern District,
Division Five.

July 13, 1984.

Stormy Barton White, Public Defender, Clayton, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., John Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Presiding Judge.

Defendant has appealed from a judgment of conviction and a sentence of twenty-five years' imprisonment for robbery in the first degree. After the notice of appeal was filed, defendant filed a motion in this Court requesting that jurisdiction be "returned" to the trial court for the purpose of hearing a motion for new trial based on newly discovered evidence.

The evidence is detailed in the motion filed in this Court. Although we do not set it forth here, we note that, if believed, the newly discovered evidence would completely exonerate defendant of any complicity in the crime of which he was convicted. In response to this motion, the Prosecuting

848

Attorney of St. Louis County has filed an affidavit to the effect that the "information contained" in defendant's motion "is true and accurate to the best of the affiant's knowledge and belief" and agreeing "that the return of jurisdiction to the trial court will expedite the appropriate resolution of this matter." The Attorney General has likewise filed an affidavit agreeing that jurisdiction should be returned to the trial court for the purpose of conducting a hearing on a motion for new trial based on the newly discovered evidence.

Under the unique circumstances of this case, we are willing to overlook the time constraints of Rule 29.11 as they relate to the newly discovered evidence. The basis of the granting of relief for such reason is that it was not known, or could not reasonably have been discovered earlier. That this evidence was not discovered before the expiration of the time for the filing of a motion for new trial should not defeat the laudable concept of a new trial based on such evidence. This ruling may be subject to future limitation, but we see no reason for limitation where the State joins in the request for release.

Mindful though we are of the exclusivity of this Court's jurisdiction once a notice of appeal is properly filed, we are equally cognizant of the perversion of justice which could occur if we were to close our eyes to the existence of the newly discovered evidence. Although research has failed to yield precedent for such procedure, we believe that, in light of the State's concession that the evidence exists, it should be heard.

Accordingly, the cause is remanded to the trial court so that defendant may forthwith file his motion for new trial based on the newly discovered evidence. Should the determination of that motion be adverse to defendant, he may appeal therefrom and reinstate this appeal.

Appeal dismissed; cause remanded.

REINHARD, C.J., and GAERTNER, J., concurs.