STATE of Missouri, Respondent,

v.

Jerry DAVIS, Appellant.

No. 49480.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 3, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 3, 1985.

Douglas L. Levine, Public Defender, Ferguson, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant was convicted of second degree burglary, § 569.170, RSMo.1978. He was sentenced as a persistent offender to 10 years imprisonment. He appeals. We affirm.

The sufficiency of the evidence is not challenged; however, a brief recitation of the facts is necessary for a resolution of the issues raised on appeal. On the evening of February 21, 1984, at approximately 9:30 p.m., Richard Spink and Karen Trentham were parked in the 4600 block of Pennsylvania Street across from the home of Spink's friend Steven Singler, waiting for Singler to return home from a union meeting. Spink testified that he observed a white vehicle, which he believed to be a Monte Carlo, drive slowly around the block twice then proceed through an alley. The vehicle eventually parked down the street, several houses from the Singler residence.

Two men exited the vehicle, one about 5'6" in height, the other 6'1" or 6'2".

Spink said the shorter man, identified later as defendant, walked towards the Singler residence, knocked on the door, then peered through a window. Spink heard the defendant tell the second man, who had followed defendant up to the house, to "come on". He saw defendant kick in the front door of the Singler residence and enter. Spink started his car. The second man saw Spink and ran to the white car. By the time Spink got to the white car it was driving away. He followed it for several blocks and wrote down the license number, then went to the Union hall to get Singler. Upon returning home, Singler noticed that his television had been moved from the bedroom to the kitchen, and a jar of coins had been spilled.

The license number matched that of a vehicle owned by Sandra Wrinkle. When police contacted her, she informed them she had loaned her car, a white Gran Prix, to defendant. At trial, Spink testified that there was a similarity between a Gran Prix and a Monte Carlo. At approximately 11:00 p.m., police officers stopped the described vehicle, which defendant was driving. Earl Metteer was also in the car. At a line-up, Spink identified defendant as the man who had entered the house, and in another line-up he identified Earl Metteer as the second man. Neither defendant nor Metteer testified at trial, but several other witnesses testified that defendant and Metteer were attending a pool tournament in a tavern on Gravois.

The jury returned its verdict of guilty on September 13, 1984. On September 24, 1984, defendant requested and received an additional 10 days, until October 8, to file a motion for a new trial. A new trial motion was timely filed on October 5, 1984. On November 2, 1984, defendant changed counsel and, on November 26, 1984, filed an amended motion for a new trial based in part on newly discovered evidence. Defendant alleged in the amended motion that after the filing of the jury verdict there was new evidence from Karen Trentham, a

witness who was endorsed by the state but did not testify at trial. Trentham, according to defendant, would testify to some facts inconsistent with Spink's testimony; i.e., that she, not Spink, wrote down the license number, that she and Spink had been parked in front of the Singler residence for only ten minutes, and that the taller man kicked in the door. No affidavit was filed with the amended motion. The state moved to dismiss the amended motion in regard to the newly discovered evidence, arguing first that the court lacked jurisdiction because the motion was untimely, and second that the facts alleged in the motion, unsupported by an affidavit, were an insufficient basis upon which to grant a new trial. On November 30, 1984, the court denied the original motion for a new trial, sustained the state's motion to dismiss the amended motion, and sentenced defendant. Defendant filed a notice of appeal on December 10, 1984.

On February 22, 1985, defendant filed another motion for a new trial, based entirely on newly discovered evidence, in which he alleged that Daniel Fanetti had contacted defense counsel in January 1985 by telephone and claimed that he was "the perpetrator of the offense charged against Davis." This motion was accompanied by an affidavit of Fanetti.

In the affidavit Fanetti stated that defendant was not involved in the crime, that on February 21, 1984, he found the white Gran Prix used in the crime in front of a tavern on Gravois, that he and others took the vehicle and proceeded to a residence located at 4619 Pennsylvania and commenced to forcibly kick in the door to said residence, but with no intent to commit a crime therein, that he and the others fled, driving the vehicle to an area where it was abandoned, and that it was his intention to cause defendant to be a suspect in criminal conduct for which he would be arrested. The state filed a motion to dismiss the second motion for new trial based on lack of jurisdiction. It was sustained. Another

notice of appeal was filed and the two appeals were consolidated.

On appeal defendant contends that:
The trial court committed prejudicial, reversible and plain error in denying and/or overruling Defendant's Motion For New Trial based upon newly discovered evidence due to lack of jurisdiction for not being timely filed.

The defendant requests that we remand the case to the trial court for the purpose of ruling on the motions for new trial. We note that defendant was allowed 15 days under rule 29.11(b), plus the additional 10 days granted by the court and authorized by the rule, or a total of 25 days to file a motion for new trial. The motions were due by October 8, 1984. Defendant's motions, filed after that time, are nullities, preserving nothing for review. They can only be reviewed under the plain error doctrine. *State v. Vedder*, 668 S.W.2d 639 (Mo.App.1984).

In order to obtain a new trial on the basis of newly discovered evidence, the movant must demonstrate the following:
1. The facts constituting the newly discovered evidence have come to the movant's knowledge after the end of the trial;
2. Movant's lack of prior knowledge is not owing to any want of due diligence on his part;
3. The evidence is so material that it is likely to produce a different result at a new trial; and
4. The evidence is neither cumulative nor merely of an impeaching nature.
*State v. Dizdar*, 622 S.W.2d 300, 303 (Mo. App.1981).

Furthermore, it is important to note that a motion for new trial based on newly discovered evidence must be accompanied by proof, either in the motion itself or by affidavits. *State v. Batek*, 638 S.W.2d 809, 813 (Mo.App.1982).

We take up the two motions separately. The first motion was filed prior to sentencing, while the trial court still had jurisdiction over the case. The trial court

is not empowered to waive or extend the time to file a new trial motion beyond that authorized by the rule. *Vedder*, 668 S.W.2d at 640. Furthermore, amended motions must be filed within the time period prescribed by the rule, notwithstanding timely filing of the original motion. *State v. Mucie*, 448 S.W.2d 879, 880 (Mo.1970). The trial court was without power to grant defendant's untimely amended motion for new trial, and properly dismissed it.[1]

Had the amended motion been timely it would not have satisfied the *Dizdar* criteria. Defendant admits that he was aware of the witness, who had been endorsed by the state, prior to trial. Therefore, defendant's lack of knowledge of the evidence would seem to be due to defendant's failure to act diligently. It is also apparent that the new evidence was mainly of an impeaching nature. Finally, the motion was unsupported by an affidavit or other proof. That alone would have been a sufficient basis for denial. *Batek*, 638 S.W.2d at 813. We find no error in the court's dismissal of the first amended motion for a new trial.

The trial court clearly had no jurisdiction to entertain the second motion for new trial, since notice of appeal had been filed. Defendant argues that we should remand the case so that the trial court can hear the second motion for new trial. In support of his argument defendant cites two recent opinions of this court: *State v. Mooney*, 670 S.W.2d 510 (Mo.App.1984); and *State v. Williams*, 673 S.W.2d 847 (Mo.App.1984). In *Mooney*, the defendant was convicted of molestation of a minor. There was no evidence connecting the defendant with the crime other than the testimony of the alleged victim. Six months after defendant's motion for new trial was overruled and while the case was on appeal the minor recanted his testimony. Defense counsel then sought to supplement the record on appeal with newly discovered evidence. We declined to consider the evidence, since it was not properly part of the record on appeal. However, we concluded that "we have the inherent power to prevent miscarriages of justice in a proper case by remanding the case to the trial court with instructions that the appellant be permitted to file a motion for new trial upon the grounds of newly discovered evidence." *Id.* at 516. In *Williams*, while the case was on appeal, defendant filed a motion in this court requesting that jurisdiction be "returned to the trial court for the purpose of hearing a motion for new trial based on newly discovered evidence." The Prosecuting Attorney of St. Louis County filed an affidavit stating that the facts contained in defendant's motion were true and accurate to the best of his knowledge, and both he and the Attorney General agreed that the motion should be granted. *Williams*, 673 S.W.2d at 848. On that basis the case was remanded.

We note that the Supreme Court did not review our action in either *Mooney* or *Williams*, since no motion to transfer was filed. A careful reading of those cases reveals that they involved exceptional circumstances and are thus limited. Furthermore, it is clear that remand is not mandated in cases involving allegations of newly discovered evidence after appeal. A case will only be remanded on the basis of newly discovered evidence after appeal where the court, *in its discretion*, determines that its inherent power must be exercised in order to prevent a miscarriage of justice.

We have concluded that the circumstances here do not fall within the narrow scope of *Mooney* and *Williams*. In fact, when Fanetti's affidavit is considered in light of the evidence in the record his testimony appears incredible. The second new trial motion was properly dismissed.

Affirmed.

DOWD, P.J., and CRANDALL, J., concur.

---

1. We note that a trial judge is not powerless in all instances where a motion for new trial is not timely. The case of *State v. Coffman*, 647 S.W.2d 849 (Mo.App.1983) indicates that the trial court might, where it is convinced the decision was based on perjured testimony, order a new trial on its own initiative.