STATE of Missouri, Plaintiff–Respondent,

v.

Charles "Red" WARDEN, Defendant–Appellant.

No. 53631.

Missouri Court of Appeals, Eastern District, Division One.

May 17, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 22, 1988.

Application to Transfer Denied July 26, 1988.

Tim Wynes, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals after the denial by the court of his "motion for a new trial based on newly discovered evidence." We affirm.

Defendant was convicted of first-degree murder in the killing of his brother and was sentenced to life imprisonment in 1978. We affirmed his conviction on direct appeal in 1979. *State v. Warden,* 591 S.W.2d 170 (Mo.App.1979). In 1980 defendant filed a Rule 27.26 motion and was given an evidentiary hearing. The grounds alleged in his motion were 1) newly discovered evidence warranting a new trial and 2) ineffective assistance of counsel. Rejecting defendant's contentions, we held Rule 27.26 does not provide relief for such newly discovered evidence and the court's finding that counsel was not ineffective was not clearly erroneous. *Warden v. State,* 633 S.W.2d 298 (Mo.App.1982).

The present motion for new trial was filed on June 9, 1987, and in it defendant alleges he states new facts warranting a new trial, which he did not become aware of until May 13, 1987. Attached to the motion was an affidavit by defendant's brother, wherein he recanted his testimony at defendant's trial. The court denied the motion without an evidentiary hearing.

Defendant appeals, contending the court erred in denying his motion without an evidentiary hearing and without entering specific findings. He argues his motion met the requirements for a new trial based on newly discovered evidence, and he requests this court to either reverse his conviction and remand the case for a new trial or remand the case to the trial court for an evidentiary hearing on his motion.

We have examined the cases and conclude there is no authority for the trial court to consider defendant's motion or to grant the relief requested.

Under prior Rule 27.20(a), which was in effect at the time of defendant's trial, a motion for new trial should have been filed within 10 days after the return of the verdict. Upon application by defendant the court could have extended the time for filing the motion for one additional period of 30 days. Rule 27.20(a).[1] The trial court is not empowered to waive or extend the time to file a motion for new trial beyond that authorized by the rule. *State v. Vedder,* 668 S.W.2d 639, 640 (Mo.App.1984); *State v. Weeks,* 546 S.W.2d 567, 570 (Mo.App.1977).

Defendant's present motion for new trial was filed over nine years after the return of the verdict and the imposition of sentence by the trial court. The motion was untimely, and, thus, it was a nullity. *Vedder,* 668 S.W.2d at 640. The judgment of the trial court became final when the court pronounced sentence, and the trial court exhausted its jurisdiction over the case when it imposed and entered a sentence consistent with the law. *State v. VanSickel,* 726 S.W.2d 392 (Mo.App.1987).[2] Additionally, defendant's motion was filed well after his conviction was affirmed by this court on direct appeal and the time for further direct review expired.

---

1. It makes no difference in this case whether present Rule 29.11(b), which became effective January 1, 1980, or prior Rule 27.20(a) is applied. Rule 29.11(b) provides that a motion for new trial shall be filed within 15 days after the return of the verdict and that upon application by the defendant within the 15-day period and for good cause shown the court may extend the time for filing the motion for one additional period not to exceed 10 days. Thus, under prior Rule 27.20(a) defendant would have had a maximum of 40 days to file his motion for new trial and 25 days under present Rule 29.11(b).

2. We note that a court has no inherent authority to set aside its own final judgment, except under

Rule 27.26. *State ex rel. Carver v. Whipple,* 608 S.W.2d 410, 412–13 (Mo. banc 1980). A Rule 27.26 proceeding is the exclusive means in a court of this state by which a prisoner can attack his sentence after it has been affirmed. *Zigler v. State,* 467 S.W.2d 873, 875 (Mo.1971); *Young v. State,* 724 S.W.2d 326, 327 (Mo.App. 1987). However, a Rule 27.26 proceeding is not the proper vehicle for relief on the basis of newly discovered evidence. *Westmoreland v. State,* 594 S.W.2d 596, 598 (Mo. banc 1980). Defendant's remedy may be to request a pardon from the governor under the Missouri Constitution. *Whitaker v. State,* 451 S.W.2d 11, 15 (Mo. 1970).

The cases cited by defendant state the requirements to obtain a new trial on the basis of newly discovered evidence, but do not address the issue presented here. *See State v. Taylor*, 589 S.W.2d 302, 305 (Mo. banc 1979); *State v. Harris*, 413 S.W.2d 244, 247 (Mo.1967); *State v. Dizdar*, 622 S.W.2d 300, 303 (Mo.App.1981).[3]

In these circumstances, we believe the trial court lacked jurisdiction and properly denied defendant's untimely motion for new trial based on newly discovered evidence.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

**3.** Defendant does not cite our cases of *State v. Davis*, 698 S.W.2d 600 (Mo.App.1985), *State v. Williams*, 673 S.W.2d 847 (Mo.App.1984), and *State v. Mooney*, 670 S.W.2d 510 (Mo.App.1984). In each case, after the judgment of the trial court was final and the case was pending on direct appeal, the defendant filed an untimely motion for new trial based on newly discovered evidence either with the trial court or with this court. *Davis*, 689 S.W.2d at 602–03; *Williams*, 673 S.W.2d at 847–48; *Mooney*, 670 S.W.2d at 512–13. In *Davis* we discussed *Williams* and *Mooney*, stating the following:

A careful reading of those cases [*Williams* and *Mooney*] reveals that they involved exception-al circumstances and are thus limited. Furthermore, it is clear that remand is not mandated in cases involving allegations of newly discovered evidence after appeal (after a notice of appeal has been filed). A case will only be remanded on the basis of newly discovered evidence after appeal where the court, *in its discretion*, determines that its inherent power must be exercised in order to prevent a miscarriage of justice.

*Davis*, 698 S.W.2d at 603 (emphasis in original). These cases do not apply in the present case because defendant's motion was filed after his direct appeal was final.