STATE of Missouri, Respondent,

v.

Dennis P. MENTEER, Appellant.

Dennis MENTEER, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 57537, 60940, 61036.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Nov. 24, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 7, 1993.

Application to Transfer Denied
Feb. 23, 1993.

Charles E. Bridges, St. Charles, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes IV, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Appellant, Dennis Menteer, was convicted by a jury of Robbery in the First Degree, § 569.020 R.S.Mo.1986, and sentenced to life imprisonment. (All further statutory references shall be to R.S.Mo.1986 unless otherwise noted.) On appeal, he asserts error in the trial court's failure to: (1) remand the case to the associate division of the circuit court for a preliminary hearing; (2) grant a request for continuance based on counsel's inability to have meaningful contact with appellant before trial; and, (3) grant appellant's request for continuance based on the state's late endorsement of two alibi rebuttal witnesses. Further, he contends that he was prejudiced by the state's failure to reveal a plea bargain with the state's witness, Gerald Quesenberry, wherein the state would recommend a suspended execution of sentence and probation in return for Quesenberry's testimony. We affirm.

The sufficiency of the evidence is not in dispute. Viewed in a light most favorable to the verdict, the evidence reveals that on May 31, 1988, Gerald Quesenberry sought to borrow twenty dollars from appellant. Appellant responded that he knew where they could get some money and that he

would tell Quesenberry about it later that night. Later, while riding in appellant's car, appellant suggested to Quesenberry that they rob a gas station. Around 10:00 p.m., they rode in appellant's car to a site near a gas station in Lincoln County, Missouri. Appellant gave Quesenberry a gun and told him to go in, point it at the attendant, and demand money. Appellant waited in the car, which was parked in a nearby trailer park, while Quesenberry, after walking to the gas station and back at least once, finally executed the plan and robbed the gas station. The attendant, with Quesenberry holding her at gunpoint, put the money from the cash register in a brown paper bag. Quesenberry took the bag and ran to appellant's car, and appellant then drove to appellant's trailer to divide their ill-gotten gains. After they split the money, they went to the trailer where Quesenberry was living, arriving around 1:30 or 2:00 a.m.. Some other people were there, and Quesenberry had one of them cut his hair. Approximately two weeks later, when questioned by the police, Quesenberry denied any participation in the robbery and denied being with appellant the night of the robbery. Quesenberry was subsequently arrested for armed robbery, and gave a statement implicating himself and appellant in the robbery. Quesenberry testified as a state's witness at appellant's preliminary hearing and trial.

Appellant's first point is that the trial court erred in not remanding the cause to the associate division for another preliminary hearing because at the first preliminary hearing the state's sole witness, Quesenberry, invoked his fifth amendment privilege against self-incrimination and refused to answer incriminating questions on cross-examination. Appellant asserts that the witness' refusal to answer questions deprived him of his rights to (1) a preliminary hearing under § 544.250, (2) cross-examination of witnesses under Rule 22.07(c) and the federal and Missouri constitutions, (3) due process, and (4) assistance of counsel. Appellant claims that the witness' refusal to answer questions requires that the testimony be stricken, and that if it had been properly stricken there would have been no

probable cause to find that appellant had committed a crime since this witness' testimony was the only evidence presented at the hearing.

The record of the preliminary hearing reveals that on direct examination Quesenberry testified that he was a witness to a robbery of a gas station involving the use of a gun. He testified to the extent of appellant's planning and participation in the robbery, stating that he and appellant had discussions prior to the robbery about how it would be done and that appellant explained how to go in, point a pistol at the attendant and demand the money. He also testified that appellant waited in the car and shared in the proceeds of the robbery.

On cross-examination, Quesenberry again testified as to the date and time of the robbery. When asked, however, whether it was he who actually went in with the gun, and what clothes he was wearing when he robbed the station, he asserted his fifth amendment privilege and refused to answer. After counsel's motions to have the testimony stricken were denied, no further questions were asked and no further evidence was adduced. The associate circuit judge then found probable cause to bind appellant over for trial.

■ Before an information charging a defendant with a felony may be filed, § 544.250 requires that a preliminary hearing be conducted to determine if probable cause to charge the defendant exists. *State v. Turner*, 353 S.W.2d 602, 604[3, 4] (Mo.1962). However, "[a] preliminary examination is in no sense a trial and does not finally adjudicate the guilt or innocence of an accused. It is simply a means to prevent abuse of power by the prosecution, while at the same time to permit arrest and detention of an accused by means of a limited inquiry into whether there is probable cause that a felony was committed and that the accused was the offender." *Nero v. State*, 579 S.W.2d 638, 639[2, 3] (Mo.App. 1979).

Here, the evidence adduced by the state, in the form of the testimony of Quesenberry, was sufficient for a finding of probable

cause that a robbery had been committed and that appellant was a participant in its commission. Here, the issue is whether the hearing court's allowance of Quesenberry to assert his fifth amendment privilege to defense counsel's cross-examination questions denied appellant his rights.

First, a defendant's substantive rights are not affected by a preliminary hearing, and such a hearing is not even a part of the constitutional right to due process. *State v. Blackmon*, 664 S.W.2d 644, 649[13–16] (Mo.App.1984). Secondly, a state witness' invocation of his fifth-amendment right against self-incrimination during cross-examination does not *per se* violate a defendant's right to confront the witnesses against him and require striking of that testimony. *State v. Blair*, 638 S.W.2d 739, 754[17–20] (Mo. banc 1982). Here, defense counsel had the opportunity to confront the witness about his testimony regarding appellant's participation in the robbery, but chose instead to try and get the witness to incriminate himself regarding his own participation. Such a line of inquiry is not pertinent as to whether there was probable cause to charge appellant for his actions in the commission of the crime. These questions are relevant to the witness' credibility, a collateral matter, and would not require striking the testimony. *Id.* We recognize that "courts must be acutely aware of a defendant's right to confront and cross-examine prosecution witnesses and to not permit that right to be diminished by recalcitrant witnesses who give damaging testimony on direct and then *refuse to answer questions on cross which are closely related to the commission of the crime* because those rights are constitutionally protected." *Id.* (Emphasis in original.) Here, the preliminary hearing and, therefore, the witness' testimony, were in regard to appellant's participation in the robbery, i.e., planning a robbery and participating in it, and then dividing and sharing in the loot. The issue of the identity of the person who actually went in the gas station and held the gun on the attendant is not required to establish probable cause to charge appellant for his participation in the robbery.

In view of the purpose of a preliminary hearing under § 544.250, and the nature of the testimony elicited at the hearing, we find no error on the part of the trial court in denying appellant's motion for the court to remand to the associate division for another preliminary hearing. Point denied.

Appellant's next two points assert error on the part of the trial court in denying his two requests for continuance based on (1) his inability to adequately consult with counsel and prepare his defense before trial; and, (2) the prosecutor's endorsement of two witnesses two days before trial and defense counsel's inability to adequately interview and prepare for cross-examination of these witnesses.

The record reveals that the preliminary hearing was held in Lincoln County on November 23, 1988, where appellant was represented by the same attorney as at trial. The information was filed on November 28, 1988, and after two continuances, trial date was set for April 26, 1989. Defense counsel filed a Motion For Meaningful Access To Counsel, which was mailed to the prosecution on April 18, 1989, and noticed for hearing on April 24, 1989. At this time, appellant was incarcerated in Taney County, Missouri, some 270 miles from Lincoln County. Defense counsel was assured by the prosecutor that the defendant would be in Lincoln County by four o'clock on April 25, 1989, the day before trial. However, appellant did not arrive in Lincoln County at the appointed time, and apparently did not confer with counsel in person until the morning of the day of trial.

The decision to grant or deny a continuance is within the sound discretion of the trial court. A very strong showing is required to prove abuse of that discretion, with the party requesting the continuance bearing the burden of showing prejudice. *State v. Schaal*, 806 S.W.2d 659, 666[12, 13] (Mo. banc 1991).

Here, the record is unclear as to why or how long appellant was incarcerated in Taney County. It is clear, however, that the motion for meaningful access was not filed until nearly five months after

appellant was charged, and was not set for a hearing until two days before trial. Additionally, appellant does not allege that it was any action on the part of the trial court or the prosecution which deprived him of access to counsel or caused the delay in his return from Taney County, nor does appellant contend that, though Taney County was quite a distance away, appellant would not have been accessible had counsel sought to meet with him there. All of these factors were before the trial court when the motion for continuance was denied. We cannot say there is a strong showing that the court abused its discretion in denying the motion for continuance based on inadequate opportunity to consult with counsel.

Appellant also requested a continuance based on the state's late endorsement of two rebuttal witnesses. In support of this request, appellant asserted to the trial court that he was not advised of these witnesses until two days before trial, he had not had opportunity to interview them, he did not know what they were going to say, and that the state had not provided any written statements from either of the witnesses. The prosecution responded that the reason the names of these witnesses were not made available until two days before trial was that appellant did not file notice of his intent to rely on an alibi defense until four or five days before trial, the prosecution was required to conduct its own investigation in order to secure witnesses to rebut the alibi, and the names of these rebuttal witnesses were then made available to defense counsel on Monday, April 24, 1992, as soon as they were known to the prosecution. The prosecutor also stated that there were no written statements of these witnesses to provide to the defense. The trial court then procured assurances from the prosecution that these witnesses would be available to defense counsel's investigator immediately upon their arrival in court.

Appellant argues on appeal that the trial court erred in not granting the continuance because the the delay would have allowed the defense to obtain records regarding the witnesses' drug rehabilitation which would have allowed the jury to make a more enlightened assessment of the extent of their drug addiction at the time of the events in question, and would also have allowed appellant to obtain expert testimony as to the extent of the witnesses' drug addiction and the extent to which that addiction might have impaired their memories. He also claims the state's failure to timely reveal the names of these witnesses violated Rule 25.03(a) and that the state was required to reveal these names pursuant to this Rule because they were alibi rebuttal witnesses, called to rebut the testimony of his mother and his sister who testified to the effect that appellant was with them at his mother's house from approximately 5:30 p.m. to around midnight the evening of the robbery.

The state's rebuttal witnesses testified that they were present in the trailer, and that they believed appellant was also present, when Quesenberry got his hair cut. Both witnesses testified that they could not remember, due to their use of drugs around the time of these events, what date or time of day this occurred. One of these witnesses did testify, however, that she was certain there was only one time when Quesenberry got his hair cut at that trailer.

The endorsement of these additional witnesses for the state and denial of defendant's request for a continuance were an exercise of discretion by the trial court. *State v. Trimble*, 601 S.W.2d 663, 664[2] (Mo.App.1980). The record shows that appellant's Notice of Alibi and Request for Discovery of Rebuttal of Alibi was filed on April 19, 1989. An amended information containing the names of two additional witnesses was filed on April 25, 1989, the day before trial. Appellant acknowledged in his written Continuance Request that the existence of these witnesses was disclosed by the state on the afternoon of April 24, 1989, two days before trial, and that an oral summary of their proposed testimony was provided. Appellant made no objection at trial to the testimony of these witnesses.

■ Moreover, while appellant's evidence was designed to establish the alibi that he was at his mother's house when the robbery occurred, the state's rebuttal witnesses did not directly rebut this alibi. Quesenberry's testimony was that he got his hair cut around 1:30 or 2:00 a.m., and the rebuttal witnesses, while not able to recall the time of day, testified that they believed appellant was present when Quesenberry got his hair cut. The rebuttal evidence, then, would have placed appellant at the trailer when Quesenberry got his hair cut—approximately one and a half to two hours after appellant's evidence would have placed him at his mother's house. The theory of alibi is that the fact of defendant's presence elsewhere is essentially inconsistent with his presence at the place where the offense was committed; therefore, he could not have personally participated. *State v. Miner*, 639 S.W.2d 569, 571–572[2, 3] (Mo.1982). Generally, there is no obligation to disclose rebuttal witnesses, unless they are called to rebut an alibi. *State v. Young*, 781 S.W.2d 212, 216[5] (Mo.App.1989).

■ Based on these considerations and that (1) it was appellant's delay in providing notice of his intent to rely on an alibi defense that brought on the late notice of the rebuttal witnesses; (2) the prosecutor made the names of the witnesses available as promptly as possible; and, (3) the trial court made certain that defense counsel's investigator would be allowed to interview the witnesses upon their arrival, we cannot say the trial court abused its discretion. Points denied.

In his fourth point appellant asserts that the state failed to reveal a plea bargain made with Quesenberry wherein the state would recommend a suspended execution of sentence and probation upon Quesenberry's plea of guilty to second degree robbery in exchange for his testimony in appellant's trial. Appellant filed a motion to require the state to reveal any deal, agreement, or understanding with any potential prosecution witness or informer and suggestions in support thereof. The prosecution's answer was that the state agreed to take Quesenberry's cooperation with the prosecution of appellant into account, in regards to any proceedings pending against him; the state agreed to continue Quesenberry's case until appellant's case was concluded; and that there had been one plea bargain offer which was not a result of any agreement on Quesenberry's part to testify against appellant.

Quesenberry testified at trial that there was an agreement between himself and the state that the state would reduce the charges against him to second degree robbery in return for a truthful statement. He also testified that the prosecutor told him that he could receive a fifteen year sentence for robbery second degree. In closing argument, the prosecutor stated that there was no agreement with Quesenberry as to probation, that he was looking at fifteen years in prison, that any prison time he received would be completely up to the judge, and that there was a very real possibility that he would go to prison.

In support of his contention that there was an agreement which the prosecution failed to reveal, appellant directs us to the transcript of Quesenberry's guilty plea. This transcript shows that the prosecution, in exchange for the guilty plea, recommended a fifteen year sentence with a suspended execution of sentence for a period of five years. The prosecutor stated that this final negotiated plea was not reached until after Quesenberry's testimony in appellant's case. Appellant acknowledges that this transcript is not a part of the record in this case, but asks that we either consider it anyway or remand the cause to the Circuit Court of Lincoln County for the purpose of permitting appellant to file a motion for new trial on the grounds that this is newly discovered evidence, discovered too late to be preserved for appellate review in a timely motion for new trial.

■ We cannot consider the transcript of Quesenberry's guilty plea in ruling on this appeal at this time because it is not properly a part of the record on appeal. *State v. Mooney*, 670 S.W.2d 510, 516 (Mo. App.1984). Appellant cites to *Mooney* and *State v. Williams*, 673 S.W.2d 847 (Mo.

App.1984), arguing that a remand of his case would be authorized and justified because this newly discovered evidence is necessary for the court to consider in order to prevent a miscarriage of justice.

*Mooney* involved a defendant who was convicted of molesting a minor. The victim-minor's testimony was the only evidence connecting the defendant to the crime. After the time to file a motion for new trial had passed, and while the case was on appeal, the minor recanted his testimony. This court ruled that it had the inherent power to prevent such miscarriages of justice and remanded the case with instructions to allow the defendant to file a motion for new trial based on this newly discovered evidence. In *Williams*, while the case was on appeal, defendant requested that jurisdiction be returned to the trial court for a hearing on a motion for new trial based on newly discovered evidence. There, the prosecuting attorney agreed that the facts stated in defendant's motion were true to his knowledge, and both the prosecutor and the Attorney General agreed that the case should be remanded to the trial court. We overlooked the time constraints of a motion for new trial as they related to newly discovered evidence in order to prevent the perversion of justice which would have occurred had we ignored the newly discovered evidence.

In *State v. Davis*, 698 S.W.2d 600 (Mo. App.1985), however, we had occasion to review our holdings in *Mooney* and *Williams*. We stated, "A careful reading of those cases reveals that they involved exceptional circumstances and are thus limited. Furthermore, it is clear that remand is not mandated in cases involving allegations of newly discovered evidence after appeal. A case will only be remanded on the basis of newly discovered evidence after appeal where the court, *in its discretion*, determines that its inherent power must be exercised in order to prevent a miscarriage of justice." *Davis*, at 603[10]. (Emphasis in original.) The exceptional circumstances of those cases to which we referred in *Davis* included the fact that the newly discovered evidence was substantive in nature and would have completely exonerated the defendant. Also, in *Williams*,

the prosecutor agreed that the facts in defendant's motion for new trial were true, and the case was remanded on the basis of both the prosecutor and Attorney General agreeing to the remand. *Davis*, at 603[9].

 The circumstances involved in *Mooney* and *Williams* are not present here. The evidence of the plea agreement between Quesenberry and the state involved here was not exonerative, and there has been no agreement by the state, as in *Williams*, that this cause should be remanded. Moreover, as stated in *Davis*, at 602[2]:

> In order to obtain a new trial on the basis of newly discovered evidence, the movant must demonstrate the following:
> 1. The facts constituting the newly discovered evidence have come to the movant's knowledge after the end of the trial;
> 2. Movant's lack of prior knowledge is not owing to any want of due diligence on his part;
> 3. The evidence is so material that it is likely to produce a different result at a new trial; and
> 4. The evidence is neither cumulative nor merely of an impeaching nature.

Here, the evidence on which appellant seeks to base a motion for new trial would be of an impeaching nature. Evidence of an agreement with the prosecutor would be adduced in order to impeach Quesenberry's credibility by showing that he would have reason to skew his testimony so as to benefit the prosecution and therefore himself. Since this evidence is of an impeaching nature, it would not meet the fourth requirement for a new trial based on newly discovered evidence as set out in *Davis*.

Based on these considerations, we perceive no miscarriage of justice, and therefore decline to remand this cause to the circuit court. Point denied.

Judgment affirmed.

KAROHL, C.J., and PUDLOWSKI, J., concur.