Jerry McCAULEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 63037.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 26, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 1993.

Application to Transfer Denied
Jan. 25, 1994.

John Klosterman, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals the denial of his Rule 29.15 motion after we remanded his case for an evidentiary hearing to develop a record about whether his attorney's failure to call three witnesses was a matter of trial strategy. *State v. McCauley,* 831 S.W.2d 741 (Mo. App.1992). We affirm.

In July.1989, Defendant was convicted of second degree murder, first degree assault, and two counts of armed criminal action in connection with a shooting incident. Defendant filed a timely 29.15 motion for postconviction relief alleging, *inter alia,* his counsel was ineffective for failing to call three witnesses. Defendant averred two witnesses, James Massey and Eva Washington, could have testified he did not shoot anyone. Defendant stated a third witness, Tyrone Mitchell, could testify he saw Defendant running from the scene at the exact time of the shooting. This court found the motion court erred in denying this point without an evidentiary hearing because it found such evidence cumulative. *Id.* at 743. We found the evidence to be not cumulative, because other witnesses who testified similarly were impeached. *Id.* at 743[8]. We further concluded an evidentiary hearing on the matter was required to determine whether defense counsel chose not to call these three witnesses as a matter of trial strategy. *Id.* at 743–44[9].

Defendant's evidentiary hearing was held on September 15, 1992. At that hearing, Defendant testified his attorney told him he would not call the three witnesses because they had prior convictions. Defendant's trial counsel testified he did not recall Defendant ever giving him the names of the three witnesses. He further testified he was unable to review his trial notes as the file had been misplaced. However, trial counsel stated that if he had been given the names, he would have endorsed the witnesses even if he was not going to call them. The three witnesses were not endorsed. When questioned about whether he failed to call them because of prior convictions, trial counsel stated:

No. What I would have done, I would have endorsed them and not called—not

called them. Okay. And I would have attempted to see what story they would have had. Not just strike them all because they had a conviction.

Relying on trial counsel's testimony, the motion court made the following findings of fact:

Herman Jimerson appeared and testified that it was his usual and customary procedure to endorse all witnesses proffered to him by each client. The original court file No. 881–02273 reflects the endorsement of four witnesses on behalf of the defendant and that three testified at trial.

\* \* \* \* \* \*

This Court finds that the Movant is not a credible witness and that he did not disclose the named witnesses to his trial counsel prior to his trial. The Court further finds that witness Massey did not disclose to the Public Defender system his knowledge of facts of Movant's case.

This Court finds that if the witnesses had been disclosed to trial counsel, he would have minimally endorsed them. A review of the court file reveals witnesses in question were never endorsed.

On appeal, Defendant requests by motion in this court, as well as in his first point, his case be remanded to the motion court for an additional evidentiary hearing to consider what he labels "newly discovered evidence." Defendant presents evidence which, if believed, indicates he did inform his trial counsel of the three witnesses and trial counsel chose not to use the witnesses because of prior convictions. The "newly discovered" evidence consists of a letter from trial counsel to Defendant and a letter from Defendant to trial counsel.

In support of his request for remand, Defendant relies upon the cases *State v. Williams*, 673 S.W.2d 847 (Mo.App.1984); and *State v. Mooney*, 670 S.W.2d 510 (Mo. App.1984). In those cases, this court used its inherent power to remand to the trial court to allow the defendant to file out of time a motion for new trial based on newly discovered evidence. *Williams*, 673 S.W.2d at 848[1]; *Mooney*, 670 S.W.2d at 516[1]. Defendant avers he has newly discovered evidence and requests this court use its inherent power to remand for an additional evidentiary hearing on his Rule 29.15 motion. We decline to do so.

■ The facts of *Williams* and *Mooney* were extremely unique. In both cases, the defendants had newly discovered evidence which would completely exonerate them of the crime for which they were convicted. *Williams*, 673 S.W.2d at 847; *Mooney*, 670 S.W.2d at 512 (only evidence against the defendant was testimony later recanted). A failure to present that evidence in a motion for new trial would have resulted in a serious miscarriage of justice. In such a case, we have discretion to exercise our inherent power only to prevent a miscarriage of justice. *State v. Davis*, 698 S.W.2d 600, 603[10] (Mo. App.1985); *See also, State v. Hicks*, 803 S.W.2d 143, 146[2] (Mo.App.1991).

■ Here, Defendant is not requesting an opportunity to file an untimely motion for new trial to present newly discovered evidence which will exonerate him. *See*, Rule 29.11(b). Therefore, Defendant's circumstances do not rise to the level exhibited in *Williams* and *Mooney*.

■ In addition, it is questionable whether his evidence is indeed "newly discovered." The rules regarding newly discovered evidence are usually applied when attempting to obtain a new trial under Rule 29.11(b). To be granted a new trial on the basis of newly discovered evidence, Defendant must show: (1) the evidence only came into his possession after the trial; (2) his lack of knowledge is not due to any lack of diligence on his part; (3) the evidence is material, that is, likely to produce a different result at trial; and (4) the evidence is not cumulative or merely impeaching. *State v. Menteer*, 845 S.W.2d 581, 587[12] (Mo.App.1992).

■ Here, Defendant clearly had knowledge of the evidence's existence before his evidentiary hearing. Further, Defendant explored the issue raised by the "newly discovered" evidence at his hearing. He asked trial counsel whether he had failed to call the witnesses because of their prior convictions. The "newly discovered" evidence would

merely be cumulative and impeaching in nature. Finally, the evidence is not likely to produce a different result at a second hearing. Even if trial counsel chose not to call the witnesses because of prior convictions, such a decision is a matter of trial strategy that is virtually unchallengeable. *See, State v. Johnson*, 829 S.W.2d 630, 633[7–9] (Mo. App.1992); *Childress v. State*, 778 S.W.2d 3, 6[11] (Mo.App.1989).

We, therefore, overrule Defendant's motion to remand for a second evidentiary hearing and deny his first point on appeal.

Defendant argues in Point II and "Pro Se Point I" the motion court clearly erred in denying his claim of ineffective assistance of counsel for failing to call three witnesses.

We review the trial court's findings of fact and conclusions of law only for clear error. Rule 29.15(j). Here, the trial court's conclusion Defendant had not disclosed the three witnesses to his trial counsel is supported by the record before us. We are bound by that record. *Mooney*, 670 S.W.2d at 516; *Menteer*, 845 S.W.2d at 586[11].

First, Eva Washington did not testify at the evidentiary hearing. Defendant's speculation about her testimony is insufficient for him to carry his burden of proof. *Tettamble v. State*, 818 S.W.2d 331, 332[1] (Mo.App. 1991). Finally, Defendant's trial counsel testified he did not recall Defendant disclosing the names of the three witnesses. He further testified he would have endorsed the witnesses even if they would not be called at trial. The trial court is not obligated to believe Defendant's assertion he disclosed the names to his trial counsel. No ineffective assistance of counsel results where the witnesses were not disclosed to counsel. *State v. Langlois*, 785 S.W.2d 679, 682[4] (Mo.App. 1990); *Jones v. State*, 773 S.W.2d 156, 158[5] (Mo.App.1989). Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.