Jessie D. WHITAKER, Appellant,

v.

STATE of Missouri, Respondent.

STATE of Missouri, Respondent,

v.

Jessie D. WHITAKER, Appellant.

Nos. 54556, 54557.

Supreme Court of Missouri, Division No. 2.

March 9, 1970.

Robert G. Duncan, Austin F. Shute, Pierce, Duncan & Hill, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Thomas L. Patten, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Defendant was charged under the provisions of the habitual criminal act then in effect, § 556.280, now repealed, with robbery, first degree. He was found guilty of the robbery, but the jury made no finding as to the previous convictions and imposed a sentence of imprisonment for a term of forty-five years. On appeal the judgment was affirmed. State v. Whitaker, Mo., 312 S.W.2d 34.

Defendant has now filed a motion pursuant to Supreme Court Rule 27.26, V.A. M.R., in which he has alleged as grounds for relief (1) "defective judgment and sentence," (2) "new evidence tending to impeach complainant," and (3) "new evidence establishing that [he] could not have committed the offense for which he is charged." He further alleged that for these reasons his trial was in violation of Article I, §§ 10 and 18, Constitution of Missouri, V.A.M.S., and of the Fourteenth Amendment to the Constitution of the United States.

At the hearing on the motion it was shown that the verdict did not include a finding by the jury that defendant had been convicted of any of three previous felonies alleged in the amended information. However, the judgment recited that "defendant having been informed by the court of the verdict of the jury, heretofore returned herein, finding him guilty of Robbery First Degree Under the Habitual Criminal Act * * *." The remainder of judgment was in accord with the verdict.

The trial court concluded that defendant had suffered no prejudice by reason of the erroneous recital in the judgment of the words "under the habitual criminal act" because the range of punishment extended to life imprisonment whether or not the jury made a finding of a previous conviction, and the punishment imposed was less than life imprisonment. However, "to avoid any possibility of error" the trial court set aside the sentence and judgment and directed

that defendant be resentenced in accordance with the verdict. Subsequently, defendant was brought before the court with counsel, allocution was held, and defendant was resentenced to confinement by the Department of Corrections for a term of forty-five years, with credit for the time previously served, and a judgment to that effect was entered of record.

The trial court denied defendant any relief as to the other matters alleged in his motion to vacate the judgment and sentence, and defendant has appealed. He contends that since a new judgment was entered in the case in which he was convicted of robbery, he is now entitled to appeal from it, and he has filed such an appeal. The two appeals have been consolidated in this court.

■ We first note that in order for the trial court to correct the original judgment to delete therefrom the words "under the habitual criminal act," which were surplusage and obviously the result of a clerical error, it was not necessary to set aside the original sentence and judgment and resentence the defendant. This is the situation for a *nunc pro tunc* entry. See the discussion in Campbell v. Spotts, 331 Mo. 974, 55 S.W.2d 986, 989, as to when such entries may be entered. See also 46 Am.Jur.2d Judgments §§ 186 and 196; State v. Vinson, 337 Mo. 1023, 87 S.W.2d 637 and State v. Young, 361 Mo. 529, 235 S.W.2d 369.

The remaining contentions in defendant's motion pursuant to Rule 27.26 are to the effect that he now has new evidence that he is not guilty of the robbery of which he was found guilty by the jury. The circumstances are as follows: Defendant was identified at the trial as one of the robbers by the victim, and he was found guilty by a jury on June 13, 1956. Approximately three years later a special agent of the F.B.I. wrote a letter to the prosecuting attorney of Jackson County in which he stated that defendant and Vernon Douglas Romprey (tried separately from defendant) had been found guilty of the robbery of

Mr. Walter Diessl, and that a "confidential source of information, who has furnished reliable information in the past, recently advised that the above described robbery was not committed by Romprey and Whittaker." It was also stated in the letter that the "source" had advised that the robbery was committed by three persons named Young, Pinkerton and Shepherd, and that photographs reflect "a striking resemblance" between Pinkerton and Romprey and between defendant and Young. It was further stated in the letter that a "second confidential source" had advised that he had seen Young in possession of some watches which he was trying to sell, and that Young had stated that they had come from the Diessl robbery. In the letter it was also stated that the "confidential source who furnished information" that defendant and Romprey did not commit the robbery "cannot be made available for interview," but that it was "believed" that the "second source" "may be willing to talk to someone from your office." At the hearing on the motion a former F.B.I. agent, who had furnished the information contained in the letter, testified to substantially the same information contained in the letter, but he refused to disclose the sources of information. In substance, his testimony was to the effect that persons whose identity could not be disclosed had told him that defendant was not guilty of the robbery.

■ We note first that the evidence, by way of the contents of the letter from the F.B.I. and the testimony of the former agent, did not rise above hearsay, and there is no showing of any competent new evidence which could be produced at a new trial. In his brief to this court defendant asserts that he is entitled to a new trial, presumably on the basis of newly discovered evidence. Authority for a new trial on that basis is contained in Supreme Court Rule 27.19, but Supreme Court Rule 27.20 provides that a motion for new trial shall be filed before judgment and within ten days after return of the verdict, or within an additional thirty days when requested. It

is further provided that the trial court "shall have no power to make another or further extension of time" for filing of such motion. Assuming, but not holding or implying, that the trial court has jurisdiction to grant a new trial because of newly discovered evidence after more than thirteen years have elapsed from the entry of the original judgment, the proof in support thereof was insufficient. It did not contain any competent evidence that defendant was not guilty, and it did not present any competent new evidence that could be introduced in the event of a new trial.

█ Defendant apparently seeks to have the judgment set aside and a new trial granted on the theory that by reason of the information in the letter from the F.B.I. and the testimony of the former F.B.I. agent, his continued imprisonment constitutes a denial of some constitutional right. He cites Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, and asserts that it was there stated that the viewing of photographs may be a denial of due process where the identification procedure was unpermissibly suggestive to such extent as to give rise to a very substantial likelihood of irreparable misidentification. It is true that the victim of the robbery viewed some photographs which included one or more photographs of defendant, a procedure regularly and universally followed in 1956, and identified the defendant as one of the robbers. However, defendant makes no effort to show how or in what manner the procedure followed violated any constitutional right, or in what manner the procedure failed to meet the later announced standards set forth in the Simmons case. Defendant also cites Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199, and Foster v. State of California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402, both line-up cases but again defendant makes no effort to show how any constitutionally protected right announced in those cases was violated. He also cites Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654, and states that a conviction devoid of evidentiary support violates due process, but makes no effort to show how that principle controls this case, and obviously it does not. In conclusion, defendant argues that the doctrine of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, can be extended so that "if there is doubt" as to the guilt of a defendant, and that doubt has been concealed after conviction, there has been a denial of due process. Perhaps some person could be found who would express some doubt as to the guilt of most persons who have been convicted of a crime. The language of the opinion in the Brady case does not go so far and we are not inclined to extend the doctrine of that case. We find nothing which entitled defendant to the relief requested in his 27.26 motion.

█ Defendant is not, however, without a remedy if there is merit to his contention that he is entitled to relief because of the secret information possessed by the F.B.I. and the former agent. Art. IV, § 7, Const. of Mo.1945, provides that the governor shall have power to grant reprieves, commutations, and pardons, after conviction for all offenses except treason and cases of impeachment. The general rule is that a pardon "may * * * be used to the end that justice be done by correcting injustice, as where after-discovered facts convince the official or board invested with the power that there was no guilt or that other mistakes were made; but, not being a judicial process, it is not a corrective judicial procedure to remedy a wrong." 67 C.J.S. Pardons § 6. The exercise of the power of pardon lies in the uncontrolled discretion of the governor, and in determining whether to exercise the power he is not restricted by strict rules of evidence. While defendant indicated at the hearing that he had applied to the parole board for relief, there is no indication that he applied to the governor to exercise his power of pardon.

We turn now to the remaining contention of defendant. As noted, he takes

the position that since the trial court set aside his sentence imposed in 1956, and then held allocution and resentenced him according to the verdict and rendered judgment thereon, he is entitled to appeal from that judgment, and he has done so. He also contends that he may now, pursuant to Supreme Court Rule 28.02, challenge the sufficiency of the allegations in the information which invoked the habitual criminal act then in effect. For the reasons previously set forth we are of the opinion that the trial court should not have set aside the sentence and judgment to correct the clerical error in the judgment, but it did so, and the State did not appeal from that action.

Defendant contends that the information failed to allege the essential facts to invoke the habitual criminal act, and that even though the jury failed to find that he had previously been convicted of a felony, he was prejudiced because evidence of his previous convictions was wrongfully placed before the jury.

We are of the opinion that although the allegations in the information of the previous convictions were inartfully drawn, they were not insufficient. As to a previous conviction which occurred in Kansas, the allegation was that defendant had been convicted of grand larceny, sentenced to serve a term therefor in the Industrial Reformatory and that "thereafter on the 31st day of July, 1951, he was paroled from said Reformatory, that thereafter on the 21st day of January, 1953, he was finally discharged from said parole; * * *." As to previous convictions in Missouri, the allegation was that defendant had been convicted of burglary second degree and grand larceny and sentenced to the Missouri penitentiary, and that thereafter "on November 10, 1955, 256 days additional merit time allowed discharged under commutation of sentence by the Governor of the State of Missouri, from said penitentiary." Defendant contends

that these allegations were insufficient because they did not show that he had been discharged from the sentences either "upon pardon or upon compliance with the sentence," as was then the requirement of § 556.280. He cites State v. Brinkley, 354 Mo. 1051, 193 S.W.2d 49, and State v. Franck, Mo., 260 S.W.2d 52.

In the Franck case it was held that the allegation that a defendant had been "duly discharged" from the penitentiary was not sufficient to allege that he had been discharged "upon compliance with the sentence." We do not consider that case to be controlling in the factual situation of this case. In the Brinkley case it was alleged and proved that the defendant had been previously convicted of larceny, sentenced, and "paroled by the court." It was held that a judicial parole was not a pardon within the meaning of the term in § 556.280. But, in State ex rel. Stewart v. Blair, 356 Mo. 790, 203 S.W.2d 716, this court ruled that any conditional or absolute release by the governor was a pardon, whether it be referred to as a parole or by some other name. Therefore, the allegation pertaining to the Missouri convictions that defendant had been "discharged under commutation of a sentence by the Governor" was an allegation that defendant had been discharged "upon pardon." See State v. Pitts, Mo., 282 S.W.2d 561; State v. Cerny, Mo., 248 S.W.2d 844; State v. Peterson, Mo., 305 S.W.2d 695; State v. Brewer, Mo., 338 S.W.2d 863. As to the Kansas conviction, the same rule would apply. There the allegation was that defendant was sentenced to serve a term in the reformatory and that "he was paroled from said Reformatory" and that "he was then finally discharged from said parole." The proof was that he was paroled on July 31, 1951, and discharged on January 21, 1953 "upon compliance with sentence." In State v. Donnell, Mo., 351 S.W.2d 775, certiorari denied 374 U.S. 811, 83 S.Ct. 1703, 10 L.Ed.2d 1035, the indictment contained the

following allegation: " * * * that the said William Donnell was reparoled from the Illinois State Penitentiary at Joliet, Illinois on May 26, 1958." It was contended in that case that the indictment was defective in that it charged the offense of robbery "with allegations of prior convictions thus bringing it within the scope of the Habitual Criminal Act, but it does not show nor allege that appellant had been discharged by pardon nor upon compliance with his Illinois sentence * * *." This court held: "While the indictment does not plead in express words that appellant had been discharged by pardon or upon compliance with sentence, the facts alleged are sufficient to show compliance by alleging the parole on May 26, 1958, prior to the alleged date of the offense for which appellant was being prosecuted, * * *." See also State v. Donnell, 353 Mo. 878, 184 S.W.2d 1008, and State v. Murphy, 345 Mo. 358, 133 S.W.2d 398.

We hold that the allegations in the information in this case were sufficient to invoke the habitual criminal act, and therefore the State was entitled to introduce evidence of the previous convictions. There is no merit to the only contention which defendant presents on the basis that he was entitled to and has appealed from the judgment entered after his original sentence and judgment was set aside and he was resentenced.

The judgment in each appeal is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN and FINCH, JJ., and HENLEY, Alternate Judge, concur.