**STATE of Missouri, Respondent,**

v.

**Ronald HAMILTON, Appellant.**

**No. 51283.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 16, 1987.

Motion for Rehearing and/or Transfer
Denied July 15, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Timothy Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

SATZ, Judge.

Defendant, Ronald Hamilton, was convicted by a jury of robbery in the second degree, § 569.030, RSMo.1979. On appeal, defendant argues the trial court erred in not granting him a new trial on the grounds of newly discovered evidence. We affirm.

About 2:40 a.m., in February, 1985, the victim, Calvin Granbury (Granbury), was driving his car in St. Louis, in an area where prostitutes ply their trade; an area quaintly called "the stroll". Defendant and co-defendant Hill flagged down Granbury and forced their way into his car. Holding his hand in his pocket, defendant told Granbury he had a gun. Hill went through Granbury's pockets and removed a ring, watch, wallet, $71.00 cash and other personal property.

Two police officers on surveillance in the area saw the two men enter Granbury's car. Their suspicions aroused, the officers began to follow Granbury's car. When his car stopped, the officers stopped, got out of their car with guns drawn and ordered everybody out of Granbury's car. As Granbury alighted, he said he was robbed and then described the robbery in detail.

Defendant did not testify at trial. His counsel attempted to impeach Granbury's testimony with certain statements Gran-

bury had made at the preliminary hearing. One of these statements was Granbury's testimony that, just prior to the robbery, a woman was in his car asking him for a date. Apparently, the jury believed Granbury's trial testimony, and, on November 19, 1985, it convicted defendant of robbery, second degree.

Subsequently, on December 16, 1985, defendant filed a timely motion for a new trial, alleging the trial court erred in denying his motion for a judgment of acquittal. Some 67 days later, on February 21, 1986, at the hearing on the motion for a new trial, defendant filed an affidavit of his co-defendant, Hill, in which Hill stated he would testify on defendant's behalf. Using this affidavit, defendant advanced a new theory for obtaining a new trial: newly discovered evidence. Questioning its jurisdiction over the new theory, the court denied defendant's entire motion. This appeal followed.

■ Rule 29.11(b) grants a defendant in a criminal case the right to file a motion for a new trial "within fifteen days after the return of the verdict". The trial court may extend this time "for an additional period not to exceed ten days". *Id.* Defendant here originally filed his motion for a new trial within the time granted by the Rule and the trial court. His request for a new trial on newly discovered evidence, made for the first time some 67 days later, is clearly outside the time allotted for a motion for a new trial. At best, this request is an attempt to amend his motion for a new trial. Even as an amendment, however, the request for a new trial based upon newly discovered evidence cannot avoid the strictures of Rule 29.11(b). *See, e.g. State v. Mucie,* 448 S.W.2d 879, 890 (Mo.1970); *see also, State v. Davis,* 698 S.W.2d 600, 603 (Mo.App.1985). Not being timely, the amendment preserves nothing for review, and, procedurally, it is "a nullity". *Mucie, supra* at 890.

■ Unlike the Federal Rules, our Rules simply do not provide a process for our courts to consider new evidence discovered after the time for filing a motion for a new trial.[1] However, under the plain error doctrine, *see, e.g., State v. Davis,* 698 S.W.2d 600, 602 (Mo.App.1985), or as part of our inherent power, *State v. Mooney,* 670 S.W.2d 510, 512–516 (Mo.App.1984); *see also; State v. Williams,* 673 S.W.2d 847, 848 (Mo.App.1984), this Court has addressed an untimely request to consider newly discovered evidence.[2] Absent further direction from our Supreme Court, we choose to use our inherent power to consider the untimely request made by defendant here and to decide whether to remand this cause to the trial court for a hearing on that request.

As previously noted, the evidence newly discovered by defendant here is based upon an affidavit of his co-defendant David Hill. In the affidavit, Hill states:

(1) Defendant Hamilton had "no knowledge of the circumstances that led to his arrest and conviction".

(2) Defendant Hamilton "had no participation in the transaction that was to take place between [the victim] Grandberry (sic) myself and Thelma Stafford".

(3) He, Hill, was with defendant Hamilton during the time in question, and

---

1. Rule 33 of the Federal Rules of Criminal Procedure provides as follows:

   ... A motion for a new trial based on the ground of new discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7 day period.

   Fed.Rules Cr.Proc. rule 33, 18 U.S.C.A.

2. The Southern District Court of Appeals refused to return a case to the trial court to allow the filing of a motion for new trial based upon newly discovered evidence. The Court stated it did not have this authority, *State v. Greathouse,* 694 S.W.2d 903, 911 (Mo.App.1985), and suggested the defendant's remedy lies elsewhere, citing *Whitaker v. State,* 451 S.W.2d 11, 15 (Mo. 1970). In *Whitaker,* the defendant raised allegations of newly discovered evidence in a 27.26 motion, thirteen years after the original judgment. In that context, that court noted defendant could apply to the governor to exercise his power of pardon. *Whitaker* at 15.

he, Hill, would be the only witness who could testify that defendant Hamilton was "not ... involved or associated in [this] cause and would [have] and will voluntarily testify for him at trial".

This affidavit was filed on the day defendant's previously filed motion for a new trial was to be heard. The affidavit was not accompanied by any formal change in the assertions originally made for a new trial. At the hearing, defendant told the court he "did ask for [Hill as a] witness" at his trial, but, according to defendant, defendant's trial counsel told him Hill's "lawyer ... had decided she would not let him take the stand, but [Hill], himself, didn't have knowledge of this". This is the only indication in the record that, at the time of trial, defendant did not know Hill would be willing to testify.

The trial record does show that defendant's trial counsel asked Hill's trial counsel whether Hill would be a witness for defendant. On the record, Hill's counsel stated she would advise Hill not to testify. Hill, himself, was not called, and, thus, was not asked whether he would exercise his personal privilege not to testify. Based upon this record and Hill's affidavit, defendant's present counsel on appeal infers that Hill's trial counsel did not tell Hill that defendant wanted him to testify. For our purposes here, we assume this to be true. This simply means Hill may have wanted to testify at the time of trial and defendant did not know about it. Under these circumstances, the fact defendant has "newly discovered" is Hill's alleged willingness to testify at defendant's trial. This fact, however, does not constitute "newly discovered evidence" and, thus, does not warrant a new trial.

■■■ What constitutes newly discovered evidence is found within the requirements for a new trial based upon newly discovered evidence. These requirements

are: (1) the evidence has come to the knowledge of the defendant since the trial; (2) the failure to discover the evidence sooner was not caused by defendant's lack of due diligence, (3) the evidence is so material it would probably produce a different result at a new trial, and (4) the evidence is not simply cumulative nor does it merely impeach the credibility of a witness. *State v. Harper*, 473 S.W.2d 419, 421 (Mo. banc 1971). Defendant must show these requirements have been met. *State v. Riley*, 536 S.W.2d 501, 505 (Mo.App.1976). He has not done so.

■■■ Testimony from a co-defendant who, after trial, is willing to exonerate the defendant is usually not considered newly discovered evidence. *E.g., State v. Nelson*, 532 S.W.2d 806, 810 (Mo.App.1975); *United States v. Carlin*, 573 F.Supp. 44, 46–47 (N.D.Ga.1983); *United States v. Metz*, 652 F.2d 478, 479–481 (5th Cir.1981). In these instances, the co-defendant has invoked his 5th Amendment privilege not to testify at the time of the defendant's trial, and, then, after the co-defendant's own conviction, he signifies his willingness to testify for the defendant seeking a new trial. The co-defendant's testimony, however, is simply "newly available", not "newly discovered" evidence. *Metz, supra* at 480. The evidence which could be gleaned from the co-defendant's testimony always existed, and the defendant was aware of its existence. The co-defendant's evidence was previously not available. With the co-defendant's new willingness to testify, his evidence becomes "newly available", but "newly available evidence" is not "synonomous with 'newly discovered evidence'". *Metz, supra* at 480. *Carlin, supra* at 47.[3]

■■■ Admittedly, the facts here differ. For our purposes here, we have assumed that Hill, if asked, would have testified against his counsel's advice. Thus, our assumption carries with it the fact that Hill

---

**3.** Another reason for rejecting this "newly discovered evidence", in these cases, is the co-defendant's lack of credibility. At the time he signifies his willingness to testify, the co-defendant has been convicted. Thus, he cannot be harmed by testifying untruthfully about the al-

leged innocence of the defendant seeking a new trial. *See, e.g. United States v. Carlin, supra* at 47.

In the present case, the record does not show whether co-defendant Hill has been convicted.

did not invoke his 5th Amendment privilege. Defendant's newly discovered fact, however, still remains Hill's assumed willingness to testify. However, from the record and defendant's argument, it is clear defendant was always aware of the content and substance of Hill's testimony, and Hill's present availability as a witness does not convert his testimony into "newly discovered evidence". *United States v. Jacobs*, 475 F.2d 270, 286 (2d Cir.1973).

Even if the fact that Hill would have testified at trial is newly discovered evidence, defendant could have discovered this fact by the exercise of due diligence. *E.g.*, *State v. Nelson, supra.* Defendant was aware of co-defendant Hill's identity and whereabouts, yet, at the time of trial, defendant did not call Hill to the stand, subpoena him, depose him or use any of the methods available to defendant to discover if Hill would testify. It is true Hill's attorney testified in chambers she would advise Hill not to testify in defendant's trial, but the privilege against self-incrimination is personal. She could not assert it for him without his authorization, *State v. Ohmes*, 675 S.W.2d 681, 683 (Mo.App.1984), and the record only shows she would advise Hill not to testify. We see no reason why these statements of Hill's attorney precluded defendant from discovering Hill's willingness to testify.

Accordingly, we find no reason to remand this cause for hearing and affirm the judgment.

CRIST and KELLY, JJ., concur.