**STATE of Missouri, Respondent,**

v.

**John REED, Appellant.**

**No. WD 54037.**

Missouri Court of Appeals,
Western District.

July 14, 1998.

Irene Karns, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, C.J., P.J., and BRECKENRIDGE and SMART, JJ.

ULRICH, Chief Judge, Presiding Judge.

John H. Reed appeals his convictions following jury trial for second degree burglary, section 569.170, RSMo 1994, and misdemeanor stealing, section 570.030, RSMo 1994, and his sentence of twelve years imprisonment. Mr. Reed raises three points of trial court error. He contends that the trial court erred and abused its discretion by (1) overruling his motion in limine and allowing Officer Hopper to testify to Mr. Reed's attempts to evade arrest; (2) overruling his objection during closing argument to the prosecution's statement that he was "confused" as to what Mr. Reed's defense was where the prosecution's remark diminished Mr. Reed's presumption of innocence; and (3) overruling his motion for new trial based on the post-trial discovery of a receipt book from Mr. Reed's business where the receipt book constituted newly discovered evidence warranting a new trial. The judgment of convictions is affirmed.

## FACTS

Officers Donald Lee and Doug Hopper were dispatched to 4023 Forest in Kansas City at 10:00 a.m. on October 18, 1995, in response to a report of a prowler. When the officers arrived, they saw Mr. Reed walking out the front door of the vacant house carrying boxes. The house and the empty lot next to it were surrounded by a large, six-feet high chain link fence. The officers walked to the gate and asked Mr. Reed to come to the sidewalk. Mr. Reed came over to the fence and told the officers that he had been hired to clean out the vacant house by a man who had relocked the gate after letting him in. Mr. Reed could not recall the name of the man who hired him. Mr. Reed identified himself as Travis Hayes of 3713 Wabash, born October 28, 1962. Officer Lee radioed the information to the station for a computer check and was informed it showed no record of Travis Hayes.

Officer Lee then asked Mr. Reed for identification. Mr. Reed responded that he had none. Officer Lee then asked Mr. Reed to turn around because he had seen a wallet in Mr. Reed's back pocket. Mr. Reed turned around and ran toward the rear of the property, and Officer Hopper pursued him. While Mr. Reed was attempting to evade Officer Hopper, he ran into a residence at 4040 Tracy and exited by diving through a boarded up window in the kitchen. After Mr. Reed jumped through the window, Officer Hopper lost sight of him.

Officer Lee went to 4021 Forest to inquire as to who owned the property at 4023 Forest. Gloria Ellington informed Officer Lee that she owned both the 4021 and 4023 Forest properties. Ms. Ellington informed Officer Lee that the 4023 Forest property had been vacant for ten years but was used to store the Ellington's personal property. Ms. Ellington identified the items located on the porch of the 4023 Forest property as belonging to her. Neither Ms. Ellington nor her son, John Ellington, had given permission to anyone to remove property from the house.

Officer Lee checked the registration on a truck parked on the block because the truck looked out of place. The truck was registered to John Reed with biographical information similar to that given for Travis Hayes. Shortly thereafter, Mr. Reed was apprehended as he attempted to leave the neighborhood in the truck.

At trial, Ms. Ellington testified that on October 17, 1995, the day before the burglary, she and her son went to the hardware store for a rake. She left a bag on the front porch of the house that held duplicate keys to the gate and house at 4023 Forest. When the Ellingtons returned from the hardware store, the keys were gone. John Ellington testified that items had been stolen from 4023 Forest several months before the burglary.

Mr. Reed called two witnesses to support his defense that he had a right to remove property from the house at 4023 Forest. Mr. Reed's grandmother, Florence Pickett, testified that she assisted Mr. Reed at his place of business, the Window Shop, by doing

clerical work and pricing replacement glass for doors and windows. The Window Shop also sold used cameras, dishes and home decorations. Ms. Pickett identified a receipt for $100.00 that she had written to a man named John Ellington on October 17, 1995, for a truckload of miscellaneous items. The man signed the receipt "Bobby Ellington." John Ellington testified on rebuttal, however, that he had never been to the Window Shop and had not tried to sell anything out of his mother's home. Further, Mr. Ellington testified that he did not use the nickname "Bobby" and the signature of "Bobby Ellington" did not belong to him.

Mr. Reed also called Willie Allen, the owner of a variety shop, to testify on his behalf. Mr. Allen testified that a man had offered to sell him personal goods from a home on the 4000 block of Forest in 1995. Mr. Allen went to 4023 Forest where the man was waiting for him with the gate unlocked. Mr. Allen looked inside the house, determined that to sort through the interior to find items suitable for resale would require too much effort and departed.

At the close of the evidence, the jury found Mr. Reed guilty of second degree burglary and misdemeanor stealing. Mr. Reed then filed a motion for new trial on the grounds of newly discovered evidence. The court overruled Mr. Reed's motion for new trial and sentenced Mr. Reed as a persistent offender to concurrent terms of twelve years for burglary and one year for misdemeanor stealing. This appeal followed.

## I. THE TRIAL COURT DID NOT ERR IN ADMITTING EVIDENCE OF MR. REED'S ATTEMPTS TO EVADE ARREST

As Mr. Reed's first point on appeal, he argues that the trial court erred by overruling his motion in limine and allowing Officer Hopper to testify to his attempts to evade arrest. Mr. Reed argues that the testimony that Mr. Reed entered a house at 4040 Tracy and jumped through a boarded up window to escape Officer Hopper should have been excluded because the potential for prejudice far outweighed the probative value of the evidence and, hence, his rights to due process

and a fair trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Missouri, Article I, sections 10 and 18(a), were violated.

The trial court is vested with great discretion as to the admissibility of evidence where the issue is relevancy. *State v. Skillicorn*, 944 S.W.2d 877, 886 (Mo. banc 1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 568, 139 L.Ed.2d 407 (1997). Unless a defendant can clearly show that the trial court abused its discretion, this court will not interfere with the trial court's decision. *State v. Tokar*, 918 S.W.2d 753, 770 (Mo. banc 1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996). Evidence is said to be logically relevant if it has some legitimate tendency to directly establish the guilt of the accused on the charge for which he is on trial. *State v. Sladek*, 835 S.W.2d 308, 311 (Mo. banc 1992). Legal relevance is demonstrated where the probative value of the evidence outweighs its prejudicial effect. *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993).

Flight is relevant circumstantial evidence that may be considered along with other evidence bearing on the commission of the crimes charged. *State v. Blewett*, 853 S.W.2d 455, 461 (Mo.App.1993); *State v. Robinson*, 834 S.W.2d 246, 249 (Mo.App.1992); *State v. Thompson*, 723 S.W.2d 76, 85 (Mo. App.1987). The underlying theory is that unexplained flight indicates a consciousness of guilt and a desire to avoid trial. *Id.*

Evidence of Mr. Reed's flight from Officers Lee and Hopper was relevant as tending to show Mr. Reed's consciousness of guilt. Mr. Reed's theory on defense was that a man who identified himself as Bobby Ellington had granted him entrance to the property at 4023 Forest and accepted $100.00 from Mr. Reed in exchange for Mr. Reed's removal of a truckload of miscellaneous items from the property. That Mr. Reed fled the property when questioned by Officers Lee and Hopper undermined his claim that he had a legitimate right to be present and to remove property from the premises. Mr. Reed's flight from the officers including

jumping through the boarded up window at 4040 Tracy showed a consciousness of guilt and was, therefore, relevant and admissible. Because the flight evidence directly affected the credibility of Mr. Reed's defense that he had a right to be present and to remove property from the structure located at 4023 Forest and to establish a consciousness of guilt, its probative value was substantial. The trial court did not abuse its discretion in determining that the probative value of the flight evidence outweighed its prejudicial effect. Point one is denied.

## II. THE PROSECUTION DID NOT IMPERMISSIBLY DIMINISH THE PRESUMPTION OF MR. REED'S INNOCENCE DURING CLOSING ARGUMENT

As Mr. Reed's second point on appeal, he argues that the trial court erred and abused its discretion by overruling his objection to the prosecutor's statement in closing argument that, "[a]pparently I'm real confused about what the defense in this case is, then" because it diminished the presumption of innocence guaranteed him by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Missouri, Article I, sections 10 and 18(a), because it insinuated that the defense had not met a burden to propose a defense that the prosecutor understood.

■ The state first contends that Mr. Reed failed to object to the prosecution's closing argument on the ground that the argument diminished his presumption of innocence. A party on appeal is held to the specific objections presented to the trial court. *State ex rel. Selby v. Day*, 929 S.W.2d 286, 288 (Mo.App.1996) (citing *Robinson v. Empiregas Inc. of Hartville*, 906 S.W.2d 829, 836 (Mo.App.1995)). As in the court in *Selby* noted:

> Because an appellate court is not a forum in which new points will be considered, but is merely a court of review to determine whether the rulings of the trial court, as there presented, were correct, a party seeking the correction of error must stand or fall on the record made in the trial court, thus it follows that only those objec-

tions or grounds of objection which were urged in the trial court, without change and without addition, will be considered on appeal.

■ *Id.* At trial, Mr. Reed, by counsel, objected to the prosecution's statement that "[a]pparently I'm real confused about what the defense in this case is, then" on the ground that it was "improper personalization." Mr. Reed did not object to the prosecution's statement on the ground that it diminished his presumption of innocence. Mr. Reed's argument that the prosecution's statement during closing argument diminished his presumption of innocence, therefore, is reviewed for plain error only.

■ Relief on assertions of plain error regarding closing arguments should rarely be granted and is generally denied without explanation because, "in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *State v. Silvey*, 894 S.W.2d 662, 670 (Mo. banc 1995)(quoting *State v. Clemmons*, 753 S.W.2d 901, 907–908 (Mo. banc 1988), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988)). To be entitled to plain error relief, a defendant must show manifest prejudice affecting substantial rights. *State v. Malone*, 951 S.W.2d 725, 730 (Mo.App. 1997). A conviction will be reversed only if improper argument had a decisive effect on the jury's determination. *Id.* The defendant has the burden of proving the effect of the argument on the jury. *State v. Elliott*, 856 S.W.2d 944, 945 (Mo.App.1993).

■ Mr. Reed has failed to show that the prosecution's statement during closing argument resulted in manifest prejudice affecting substantial rights. The prosecution's comment during closing argument was a brief one and was not repeated. Given the strong evidence of Mr. Reed's guilt, there is no reasonable probability that, in the absence of the comment, the outcome of the trial would have been different and, thus, the comment had no impact on the jury's decision. Because the prosecution's comment did not have a decisive effect on the jury's determi-

349

nation of Mr. Reed's guilt, Mr. Reed has failed to establish entitlement to a new trial. Point two is denied.

## III. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN OVERRULING MR. REED'S MOTION FOR NEW TRIAL

As his final point on appeal, Mr. Reed argues that the trial court erred by overruling his motion for new trial based on the post-trial discovery of a receipt book from Mr. Reed's business where the receipt book was reasonably sufficient to raise substantial doubt in the mind of a reasonable person in the event of a new trial. Mr. Reed specifically argues that the receipt book was material given that the state assailed the credibility of the single, detached first copy of a receipt by noting Mr. Reed's failure to produce the rest of the receipt book.

New trials based on newly discovered evidence are disfavored. *State v. Magee*, 911 S.W.2d 307, 312 (Mo.App.1995). To warrant a trial based on newly discovered evidence post-trial, the appellant must show that (1) the evidence has come to the knowledge of the appellant since the trial; (2) it was not owing to want of due diligence that the evidence was not discovered sooner; (3) the evidence is so material that it would probably produce a different result on a new trial; and (4) the evidence is not cumulative only or merely impeaching the credibility of a witness. *State v. Whitfield*, 939 S.W.2d 361, 367 (Mo. banc 1997), *cert. denied*, — U.S. ——, 118 S.Ct. 97, 139 L.Ed.2d 52 (1997); *Magee*, 911 S.W.2d at 312. The trial court has substantial discretion in ruling on a motion for a new trial based upon newly discovered evidence and the trial court's decision will be not disturbed on appeal absent an abuse of discretion. *Id.*

Newly available evidence is not synonymous with newly discovered evidence for purpose of a new trial motion. *State v. Hamilton*, 732 S.W.2d 553, 556 (Mo.App. 1987). Newly available evidence is evidence that existed at the time of trial and which the defendant was aware existed. *Id.* Newly discovered evidence, in contrast, is evidence that the defendant was not aware existed until after the conclusion of the trial. *Id.*

The receipt book upon which Mr. Reed's motion for new trial is based constitutes newly available evidence. Mr. Reed was always aware of the existence of the receipt book. Mr. Reed's alleged inability to locate the receipt book during trial made it unavailable. With Mr. Reed's post-trial discovery of the receipt book, the evidence became newly available. As noted by the court in *Hamilton*, however, newly available evidence is not synonymous with newly discovered evidence. Mr. Reed's inability to locate the receipt book during trial, therefore, does not convert the receipt book into newly discovered evidence. Because the receipt book does not constitute newly discovered evidence, Mr. Reed failed to establish entitlement to a new trial. Accordingly, the trial court did not abuse its discretion in denying Mr. Reed's motion for a new trial. Point three is denied.

The judgment of convictions is affirmed.

All concur.