**Terry J. WOODS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SC 87028.**

Supreme Court of Missouri,
En Banc.

Dec. 6, 2005.

Lew A. Kollias, Office of the Public Defender, Columbia, Michelle M. Rivera, Office of the Public Defender, St. Louis, for Appellee.

Jeremiah W. (Jay) Nixon, Atty. Gen., Steven K. Brown, Asst. Atty. Gen., St. Louis, for Respondent.

## PER CURIAM.[1]

Terry J. Woods stole clothing from a retailer. He was charged under section 570.040, RSMo 2000. That statute prescribes an enhanced penalty for a person who "has previously pled guilty or been found guilty *on two separate occasions* of stealing." (Emphasis added.)[2] Woods pleaded guilty. To prove the element of prior crimes, the state established two previous guilty pleas entered on the same date, in the same court, with the same counsel, and the same judge. The trial court sentenced Woods for a class C felony.

Woods filed a motion pursuant to Rule 24.035, claiming his sentence exceeded the maximum sentence prescribed by law. He argued section 570.040 did not apply because his prior guilty pleas did not occur on two separate occasions. The motion court overruled the motion. Woods' claim is correct. The judgment is reversed, and the case is remanded.

### Standard of Review

■ This Court's review of a denial of post-conviction relief is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Rule 24.035(k).* The trial court's findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *State v. Ervin*, 835 S.W.2d 905, 928 (Mo. banc 1992).

### Discussion

■ Woods pleaded guilty to the crime of stealing. Under section 570.030 this is a class A misdemeanor unless another penalty is prescribed.[3] The state charged that section 570.040 was the proper penalty statute. As noted, that statute requires that the pleas of guilty have occurred on two separate occasions—not that the crimes have occurred on two separate occasions.

Section 570.040 as enacted in the criminal code effective January 1, 1979, did not contain the "separate occasion" language. That section merely specified that every person who was "previously convicted of stealing two times" was subject to an enhanced penalty. Section 570.040, RSMo 1978. The legislature changed this language to include the "separate occasion" requirement. When the legislature amends a statute, it is presumed to have intended the amendment to have some effect. *Wollard v. City of Kansas City*, 831 S.W.2d 200, 203 (Mo. banc 1992). To construe section 570.040 as only meaning that there are two prior pleas fails to give any effect to the amendment.

■ In addition, the rule of lenity gives a criminal defendant the benefit of a lesser penalty where there is an ambiguity in the statute allowing for more than one interpretation. *State v. Rowe*, 63 S.W.3d 647, 650 (Mo. banc 2002). Section 570.040 is at least ambiguous as to whether it intends to require the pleas to be on separate occa-

1. This Court granted transfer of this appeal from the court of appeals after opinion by that court. *Mo. Const. art. V, sec. 10.*

2. All statutory citations are to RSMo 2000 unless otherwise noted. Section 570.040.1 provides:

   Every person who has previously pled guilty or been found guilty on two separate occasions of stealing, and who subsequently pleads guilty or is found guilty of stealing is guilty of a class C felony and shall be punished accordingly.

3. Section 570.030.8 provides: "Any violation of this section for which no other penalty is specified in this section is a class A misdemeanor."

sions or the crimes to be on separate occasions. Woods is entitled to the benefit of that ambiguity.

## Conclusion

The motion court clearly erred in finding that section 570.040 did not require the previous pleas to be on separate occasions. The judgment is reversed, and the case is remanded for resentencing.

As Woods may have served a sentence longer than that authorized for a class A misdemeanor, any motion for rehearing must be filed on or before 1:00 p.m., December 9, 2005.

All concur.