STATE of Missouri, Respondent,

v.

Adrain D. SMITH, Appellant.

No. ED 85631.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 24, 2006.

---

**2.** We note that Appellant's allegedly coerced confession was dealt with in depth in the direct appeal.

Ellen H. Flottman, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jayne T. Woods, Asst. Atty. General, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Defendant, Adrain Smith, appeals from the judgment upon his conviction by a jury of class D felony stealing, third offense pursuant to Section 570.040, RSMo Cum. Supp.2004,[1] for which Defendant was sentenced, as a prior and persistent offender under Section 558.016, to six years' imprisonment. On appeal, Defendant contends the trial court abused its discretion in overruling Defendant's motion for a new trial based on newly available evidence. In his reply brief, responding to the State's argument in its brief, and in his "Expedited Motion to Remand for Resentencing," Defendant also asserts that based on the recent Missouri Supreme Court case of Woods v. State, 176 S.W.3d 711 (Mo. banc 2005), that the trial court plainly erred and he was improperly sentenced under Section 570.040. We reverse and remand for resentencing.

Defendant was charged, as a prior and persistent offender, on March 27, 2003 under Section 570.040 with class D felony stealing, third offense. The information charged that on February 1, 1996, Defendant had pleaded guilty of the offense of stealing for events occurring on October 19, 1995, and that on February 1, 1996, Defendant pleaded guilty of the offense of stealing for an event occurring on October 20, 1995. At trial, the trial court found beyond a reasonable doubt that Defendant was a prior and persistent offender and should be charged with a class D felony pursuant to Section 570.040. ·

The evidence in the light most favorable to the verdict showed that Defendant was apprehended at the Dillard's department store in Mid–Rivers Mall in St. Peters, Missouri. Loss prevention officer, Rauchel Steele, observed Defendant on closed-circuit television shopping in a suspicious manner. Steele watched Defendant enter a dressing room with six items and a shopping bag, and leave the dressing room with only two items. Defendant took the two items to the cash register and paid for them. Steele notified Sergeant William Bowman, a St. Peter's police officer who was working security for Dillard's that evening, that she saw Defendant acting in a suspicious manner. Sergeant Bowman responded and walked in the dressing room area to see if the other items Defendant brought in were left in the dressing room. Defendant watched Sergeant Bowman as he entered the dressing room. Sergeant Bowman did not find anything left in the dressing room.

After Sergeant Bowman left the dressing room, Defendant began to walk towards an exterior exit of the store. As Defendant walked, Steele noticed that he was walking bow-legged, which he did not do prior to entering the dressing room. Sergeant Bowman observed that Defendant was wearing three pairs of jeans.

Sergeant Bowman approached Defendant and said "Excuse me, sir, can I talk to you for a second?" To which Defendant replied by blurting out, "You caught me red-handed." Sergeant Bowman asked Defendant what he meant by the statement and Defendant admitted that he had stolen several items, including the two pairs of jeans he was wearing and the rest in one of the bags he was carrying. Defendant never offered any receipts for the items he admitted to stealing. Sergeant

---

1. All further statutory references are to RSMo Cum.Supp.2004 unless otherwise indicated.

Bowman placed Defendant in handcuffs and escorted him to the security office. While Sergeant Bowman was on the phone, Defendant spontaneously volunteered that he was a professional thief and that he stole for a living.

Except for the receipt for the two items purchased, Sergeant Bowman did not find any receipts in the bags, nor did Sergeant Bowman find any receipts in the jeans themselves. Defendant was apprehended with a total of seven pairs of stolen jeans in his possession and none of them had a proof of purchase label. All seven pairs of jeans were identified as Dillard's merchandise. Dillard's always attaches a proof of purchase label to items purchased to ensure that if someone returns merchandise that it is the same merchandise that was purchased from Dillard's. There were proof of purchase labels on the two items that Defendant purchased.

At the trial, Defendant testified that he intended to exchange the pants for the proper size and to buy an outfit from Dillard's. Defendant testified that he was carrying out his "hustle" of finding jeans on sale or discount from the outlet malls like Warrenton, J.C. Penney Outlet, Dillard's, and Famous Barr, and then reselling them at higher prices to people in his neighborhood. Defendant acknowledged that when he arrived at the mall, he was wearing only one pair of pants, but claimed that he had put on two more pair that he wished to exchange at Famous Barr prior to entering Dillard's. Defendant testified that he did not have a receipt for any of the pants he was wearing. Defendant never told anyone at the police station that he had any receipts for the jeans he was carrying.

At the close of all the evidence, the jury found Defendant guilty. Thereafter, Defen-dant filed a motion for new trial alleging four trial court errors, including a *Batson*[2] challenge to a juror strike, failure to suppress Defendant's statements, a violation of the best evidence rule, and insufficient evidence to submit the case to the jury. At the sentencing hearing, but prior to sentencing, the trial court took up Defendant's motion for new trial. When arguing the motion for new trial, Defendant orally amended the motion to include a claim of "newly available" evidence. Defendant asserted that he had found the receipts for four of the jeans he was convicted of stealing. The trial court denied Defendant's motion for new trial and found that the "newly available" evidence would not likely produce a different result at trial. Thereafter, on December 16, 2004, the trial court sentenced Defendant to six years' imprisonment. This appeal follows.

■ In his point on appeal, Defendant contends the trial court abused its discretion in overruling Defendant's motion for new trial. Defendant asserts he presented newly available evidence, the receipts for the allegedly stolen merchandise, at the hearing on his motion for new trial, and that evidence established his actual innocence of the charged offense. We disagree.

■ In determining our standard of review, we first note that although Defendant raised the claim of newly available evidence during the hearing on his motion for new trial, he did not raise it in his motion. A claim of error not raised in a motion for new trial is not preserved for appellate review. *State v. Stephens*, 88 S.W.3d 876, 880 (Mo.App. W.D.2002). Thus, our review of Defendant's claim is for plain error only under Rule 30.20. *Id.*

<hr>

2. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

The question whether to grant a motion for new trial is left to the sound discretion of the trial court. *Id.* at 881. The trial court abuses its discretion when its ruling is clearly against the logic of the existing circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Id.* Thus, in the context of plain error review, we will reverse the trial court's denial of a defendant's motion for new trial only if we determine that its ruling was an obvious and clear abuse of discretion, which affected a substantial right of the defendant and resulted in a manifest injustice or miscarriage of justice. *Id.*

New trials based on newly discovered evidence are disfavored. *State v. Reed,* 971 S.W.2d 344, 349 (Mo.App. W.D. 1998). To warrant a new trial based on newly discovered evidence, the defendant must show that:

> (1) the evidence has come to the knowledge of the defendant since the trial; (2) it was not owing to want of due diligence that the evidence was not discovered sooner; (3) the evidence is so material that it would probably produce a different result on a new trial; and (4) the evidence is not cumulative only or merely impeaching the credibility of a witness.

*Id.* (*citing State v. Whitfield,* 939 S.W.2d 361, 367 (Mo. banc 1997)).

However, "newly available" evidence is not synonymous with "newly discovered" evidence for purpose of a new trial motion. *Reed,* 971 S.W.2d at 349; *State v. Hamilton,* 732 S.W.2d 553, 556 (Mo.App. E.D.1987). Newly available evidence is evidence that existed at the time of the trial and which the defendant was aware existed. *Id.* Newly discovered evidence, in contrast, is evidence that the defendant was not aware existed until after the conclusion of the trial. *Id.*

Here, the receipts constitute newly available evidence. Defendant was always aware of the existence of the receipts. Defendant's alleged inability to locate the receipts during the trial made them unavailable evidence. Defendant's inability to locate the receipts during the trial does not convert the receipts into newly discovered evidence. Because the receipts do not constitute newly discovered evidence, Defendant failed to establish entitlement to a new trial.[3]

Furthermore, the two receipts indicate four pairs of jeans. Defendant was convicted of stealing seven pairs of jeans. Therefore, even if the receipts proved Defendant purchased the four pairs of jeans, the receipts would not exonerate him of stealing the other three pairs.[4] This is not an extraordinary case requiring remand under plain error because the evidence would not have completely exonerated Defendant of the crime he was charged. *See State v. Gray,* 24 S.W.3d 204, 209 (Mo.App. W.D.2000). Defendant was not entitled to a new trial based on his newly available evidence. We find no manifest injustice or miscarriage of justice and there was no clear or obvious abuse of discretion in denying his motion for new trial. Defendant's point is denied.

Defendant also contends the trial court plainly erred in sentencing Defendant on his conviction of felony stealing, third offense pursuant to Section 570.040.

---

3. Defendant's request for this court to enunciate an "unable to locate" or "unable to produce" exception to the definition of newly discovered evidence is unpersuasive.

4. There was also a question as to whether the inventory numbers matched all four pairs of jeans. In fact, the inventory numbers only matched two of the pairs of stolen jeans.

Defendant maintains he had not previously pleaded guilty or been found guilty on two or more "separate occasions" of a stealing-related offense because his prior guilty pleas occurred on the same day and the statute is ambiguous as to whether the pleas must be on separate occasions or the crimes must have occurred on separate occasions. We agree and grant Defendant's motion to remand for resentencing that was taken with the case.

Defendant was charged under Section 570.040 for felony stealing, third offense. The underlying crime of stealing is a class A misdemeanor unless another penalty is prescribed. Section 570.030.[5] Section 570.040 provides, in pertinent part:

> 1. Every person who has previously pled guilty or been found guilty *on two separate occasions* of a stealing-related offense where such offenses occurred within ten years of the date of occurrence of the present offense and where the person received and served a sentence of ten days or more on such previous offense and who subsequently pleads guilty or is found guilty of a stealing-related offense is guilty of a class D felony and shall be punished accordingly.

(Emphasis added.)

Section 570.040 was recently discussed by the Missouri Supreme Court in *Woods.* In light of the court's decision in *Woods,* we find the trial court erred in sentencing Defendant under Section 570.040. In *Woods,* the defendant was convicted of stealing clothing from a retailer and the State charged him under Section 570.040.

*Woods,* 176 S.W.3d at 712. To prove the prior crimes, the State established two previous guilty pleas entered on the same date, in the same court, with the same counsel, and the same judge. *Id.* The defendant pleaded guilty and the trial court sentenced him for a class C felony.[6] *Id.* Thereafter, the defendant challenged his conviction and sentence pursuant to Rule 24.035, claiming his sentence exceeded the maximum sentence prescribed by law because his two guilty pleas did not occur on separate occasions. *Id.*

In *Woods,* the Supreme Court found that Section 570.040 "requires that the pleas of guilty to have occurred on two separate occasions—not that the crimes have occurred on two separate occasions." *Id.* The court further stated that "separate occasion" language contained in Section 570.040 was at least ambiguous as to "whether it intends to require the pleas to be on separate occasions or the crimes to be on separate occasions" and gave the defendant the benefit of a lesser penalty under the rule of lenity.[7] *Id.* at 712–13. The *Woods* court reversed the judgment and remanded the case for resentencing. *Id.* at 713.

Here, Defendant entered two guilty pleas on the same day, in the same court, and with the same counsel. The State relied on these two pleas to charge Defendant under Section 570.040. In light of the decision in *Woods,* Defendant was improperly charged and sentenced under Section 570.040.

---

**5.** The authorized term of imprisonment for a class A misdemeanor is a term for to exceed one year. Section 558.011.

**6.** The defendant in *Woods* was sentenced under the previous version of Section 570.040 that provided enhancement to a class C felony.

**7.** The rule of lenity gives a criminal defendant the benefit of a lesser penalty where there is an ambiguity in the statute allowing for more than one interpretation. *State v. Rowe,* 63 S.W.3d 647, 650 (Mo. banc 2002).

We reverse Defendant's judgment and remand the case for resentencing in accordance with this opinion.

NANNETTE A. BAKER, P.J. and SHERRI B. SULLIVAN, J., concur.