STATE of Missouri, Respondent,

v.

**Larry L. NEPHEW, Appellant.**

No. SD 31482.

Missouri Court of Appeals,
Southern District,
Division Two.

May 21, 2012.

---

Alexa Irene Pearson, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and John Winston Grantham, Asst. Atty. Gen., for Respondent.

DANIEL E. SCOTT, J.

Larry Nephew ("Defendant"), who stole a few grocery items, was charged, convicted, and sentenced under § 570.040,[1] which declares third stealing offenses to be felonies. He challenges § 570.040 enhancement because his prior convictions, as pleaded by the State and found by the trial court, were not on different days. *See Woods v. State,* 176 S.W.3d 711, 712–13 (Mo. banc 2005). We agree and grant relief accordingly.

---

1. Statutory citations are to RSMo Cum.Supp. 2005 unless otherwise noted.

## Trial Background

Defendant stole the groceries on July 31, 2009. He was charged under § 570.040 with felony stealing, third offense, by information alleging that he had previously pleaded guilty:

1. On May 23, 2008, in Greene County Circuit Court, to a theft on July 12, 2007; and

2. On May 23, 2008, in Greene County Circuit Court, to a theft on July 13, 2007.

At a bench trial, the court found beyond a reasonable doubt that Defendant stole the groceries. After taking judicial notice of its files, the court also found that Defendant's May 23, 2008, convictions "as pled in the felony information" elevated the crime to a felony.

Defendant challenged the latter finding. At the time of the grocery theft, two guilty pleas on one day did not trigger § 570.040. *Woods,* 176 S.W.3d at 712–13; *State v. Smith,* 181 S.W.3d 634, 636, 638–40 (Mo. App.2006).[2] Ruling "that the prior convictions are valid for purposes of that enhancement," the court found Defendant guilty of stealing, third offense, and imposed a felony sentence.

## Argument and Analysis

█ This case is procedurally indistinguishable from *Woods* and *Smith.* To quote the latter:

Here, Defendant entered two guilty pleas on the same day, in the same court, and with the same counsel. The State relied on these two pleas to charge

Defendant under Section 570.040. In light of the decision in *Woods,* Defendant was improperly charged and sentenced under Section 570.040.

181 S.W.3d at 639.

█ The State has abandoned its theory below for one that is totally new.[3] The judicially-noticed court files also cited even earlier thefts by Defendant in 2005 and 2007. The State invites us to affirm based on those offenses, which were not alleged in the felony information, and asserts that nothing "require[s] that the allegations supporting enhanced sentencing be set forth in a charging document." We disagree for at least three reasons.

█ First, persistent offender practice (§§ 558.016 *et seq.*) "contemplates that the convictions be found according to indictment or information and that the proof shall conform with the charge." *State v. Martin,* 882 S.W.2d 768, 771 (Mo.App. 1994). A defendant is entitled to know what prior offenses form the basis of the charge and will be considered at trial. *Id.* at 772. The State does not suggest, nor can we see, why § 570.040 enhancement should differ in this regard.

Second, the relevant charge form and notes on use refute the State's position. Each offense used for enhancement was to be alleged in the charge:

If the defendant is to be charged with a felony because of having pleaded or been found guilty of two or more stealing related offenses . . . the charge should allege that a felony was commit-

---

2. *Woods* was overridden, practically speaking, via statutory change effective after this offense. *See* H.B. 62, 95th Gen. Assem., 1st Reg. Sess., 2009 Mo. Laws 237, 268. The State argued at trial, with apparent success, that the amendment operated retroactively, but has abandoned this claim on appeal and

we do not consider it further. *See Silver Dollar City, Inc. v. Kitsmiller Const. Co.,* 874 S.W.2d 526, 532 n. 5 (Mo.App.1994).

3. This rarely occurs. When it does, a reply brief is appropriate and may be expected. We never received one.

ted.... The previous offenses should be alleged as directed in the charge.

4. Section 570.040 requires that the findings or pleas of guilty have occurred on two separate occasions rather than the crimes have occurred on two separate occasions. See *Woods v. State*, 176 S.W.3d 711 (Mo. banc 2005). MACH–CR 24.02.1, Notes on Use 3–4 (1–1–07). To properly charge stealing, third offense, the State had to describe one prior offense, then "Repeat for other offenses. Insert a *separate* court date and a *separate* offense date from those identified [above]." MACH–CR 24.02.1 (emphasis added).

Third, § 570.040 requires a trial court to "determine the existence of the prior guilty pleas or findings of guilt." Here, that happened only for the May 23, 2008, convictions and no others.

### Conclusion

Defendant's argument from *Woods* is well taken, yet appellate relief should not exceed the scope of the wrong. *State v. Boyd*, 91 S.W.3d 727, 735 (Mo.App.2002). Stealing, as opposed to felony stealing, was proved beyond a reasonable doubt.[4] Thus, we reverse the judgment as to felony stealing and remand for entry of a judgment finding Defendant guilty of class A misdemeanor stealing (§ 570.030.8) and for re-sentencing thereon.[5]

ROBERT S. BARNEY and JEFFREY W. BATES, JJ., concur.

---

[4]. In fact, according to Defendant's counsel at sentencing, "he would have pled guilty" but for "the issue of whether or not the priors that were alleged were proper...."

---

[5]. The State does not get a second chance to enhance Defendant's punishment on remand. *See State v. Collins*, 328 S.W.3d 705, 708–09 (Mo. banc 2011) and cases cited therein.