

# Missouri Court of Appeals

## Southern District

## Division Two

DERWINN LADELL COLE,    )
    )
    Movant-Appellant,    )
    )
vs.    )    No. SD34163
    )
STATE OF MISSOURI,    )    **Filed: July 28, 2016**
    )
    Respondent-Respondent.    )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable David C. Jones, Circuit Judge

## <u>AFFIRMED</u>

Derwinn Ladell Cole ("Movant") brings a claim that his trial counsel was ineffective for failing to request a mistrial during voir dire when a venireperson claimed to have already formulated a guilty verdict because of his familiarity with the incident. The motion court found:

> A review of the transcript in this matter does not reveal that such a motion was made. However, at the hearing, [trial counsel] testified that he believes that he did make such a motion for mistrial after the prospective juror made the comment in question. He further went on to testify that he could think of no reason why he would not have made such a motion and noted that his trial notes shows [sic] such a motion being made. However, [trial counsel] was at a loss to explain why the record is devoid of such a request other than to note that the trial judge [in] this matter oftentimes did things "differently" and that this conversation might have been held with the Court when the Court Reporter was not recording the proceedings. This result is a likely possibility since conversations outside of the presence of the jury were oftentimes held by that trial judge in an outer hallway due

to space limitations in the Courtroom and that the Court Reporter might not have been present during those conversations.

[Trial counsel] also testified that he renewed that motion following trial but that the motion was denied summarily by the Court. On appeal, the issue of the juror's comments was not raised.

[Movant] did not rebut counsel's recollection of events and this Court finds that it [was] highly likely, given the totality of the circumstances including counsel's trial notes, that counsel did make such a motion during trial and that it was denied by the trial court.

The Court would note that the prospective juror was stricken from the panel after the comment was made. As such, that juror never served on the panel that eventually convicted [Movant].

Moreover, the comments were not of such a nature as to require dismissal of the entire panel. Thus, even if counsel did not move for a mistrial, the comments made by the prospective juror were not of such a nature to require a mistrial and dismissal of the entire panel. Rather, the action taken in striking the juror for cause was a sufficient remedy. *See, Riley v. State*, 2014 WL 5839845 (Mo. App. E.D. 2014).

We review the denial of Movant's postconviction motion to determine whether the findings of fact and conclusions of law are clearly erroneous, that is, only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. ***Woods v. State***, 176 S.W.3d 711, 712 (Mo. banc 2005). We are not left with a firm conviction that a mistake has been made. Each of the grounds as stated by the motion court is supported by the record. First, trial counsel testified that he did request a mistrial and was at a loss to explain why it was not in the record. Second, the motion court confirmed that it was highly likely that because of crowded conditions, some motions were taken up outside the presence of the court reporter. Third, even if the motion had not been made, a potential juror stating that he could not be fair because of his personal relationship with potential witnesses is exactly the reason that there is voir dire questioning. It is necessary to weed out people who have declared an inability to be fair and impartial. No extraneous information was imparted to the panel that tainted the entire panel. This venireperson, after this remark, was struck for cause from the panel. For all of these reasons, we are not left with a firm conviction that a mistake was made.

The judgment is affirmed.

Nancy Steffen Rahmeyer, J. - Opinion Author

Daniel E. Scott, J. - Concurs

William F. Francis, Jr., J. - Concurs